May Term,
1845.

WARD
v.
LEVISTON.

*Per Curiam.*—The judgment is affirmed with costs.

*D. Mace*, for the appellants.

*J. Pettit*, for the appellees.

WARD and Another *v.* LEVISTON.

If *B.*, a member of a firm, deal in his own name in business of the firm with *A.*, who is ignorant of the partnership, the latter may be sued for a demand against him, arising from such dealing, either by *B.* alone or by the firm.

And in a suit by the firm for such demand, *A.*'s right of set-off is the same as if *B.* had sued alone.

Wednesday,
July 23.

APPEAL from the *Union* Circuit Court.

DEWEY, J.—*Dormire* and *Ward* sued *Leviston*, in assumpsit, before a justice of the peace. The statement of their demand was an account in their favour against *Leviston* for boots, shoes, &c., commencing in 1839 and ending in 1842, amounting to 64 dollars and 87 cents. No plea was filed before the justice; but in the Circuit Court, on appeal, the defendant pleaded that, before and at the time of making the account sued for, he held a note against *Dormire* for 50 dollars, which was still due; that previously to any partnership between the plaintiffs, the defendant "had a running account with *Dormire*, which was to have been settled by a credit on the note;" that without any notice of the partnership, the defendant continued to deal, as usual, with *Dormire* alone. A general demurrer to the plea was overruled. Final judgment for the defendant.

The plea raises the question whether a firm, one of whose members has dealt in his own name, but in a matter in which his co-partners were interested, with a person who had no knowledge of the partnership, can maintain an action against that person on account of such dealing? If a joint

suit cannot be maintained, the plea, as amounting to the general issue, was a good bar to the action, under a general demurrer, and the decision of the Circuit Court was correct. But we think that, in such cases, the action may be either by the firm, or by the partner who made the contract. *Skinner et al.* v. *Stocks*, 4 Barn. & Ald. 437. The plea, therefore, was not even an argumentative denial of the right to sustain the joint action, and the demurrer should have been overruled.

If *Ward* was a dormant partner of *Dormire's*, unknown to the defendant, who supposed when he took up the articles sued for that he was dealing exclusively with *Dormire*, the joint form of the action would not prevent him from availing himself of any matter of set-off which he held against *Dormire* alone. If concealed partners suffer one of the firm to conduct their business, as the only person ostensibly concerned in the matter, they subject themselves, in a joint action, to the same right of set-off by the defendant, which he would have had in a several action by the partner with whom he dealt. *Stracey et al.* v. *Deey*, 7 T. R. 357, n.— *George* v. *Clagett, id.* 35$. The plea under consideration, however, has neither the form nor substance of a plea of set-off.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

J. Ryman and J. B. Sleeth, for the appellants.
J. Perry and J. S. Reid, for the appellee.