Turkey, J.,
delivered the opinion of the Court.
To make good a lien under the provisions of ss. 4283 to 4286, inclusive, of the Code, an attachment is unnecessary; and although the bill unnecessarily ask for and obtain the writ, this may be disregarded, aud the cause tried upon the equities created by the provisions referred to.
An equity not being subject to execution at law, a return upon such execution of no personal property of the defendant, and a levy upon an equitable interest in land, or upon land in which the defendant has only an equity, is a return of the execution unsatisfied. In contemplation of s. 4283, the levy upon the equity is' a nullity, and its return to be treated as surplusage.
The petition to become a bankrupt, and the proceedings thereunder, although commenced within four months after the filing of the bills for the benefit of the section cited, did not interfere with the course of these suits. The provision of s. 14 of the bankrupt law is, “that the Register shall convey to the as-signee all the estate, real and personal, of the bankrupt, with all his deeds, books and papers relating thereto, and said assignment shall relate back to the commencement of said proceedings in bankruptcy, and thereupon by operation of law, the title to all such property and estate, both real and personal, shall vest *34 in said assignee, although the same is then attached on mesne process as the property of the debtor, and shall dissolve any such attachment made within four months next preceding the commencement of said proceedings.”
But the process in these cases was not mesne but original process. The provisions cited create new and independent rights of suit; the judgments and executions at law bearing a similar relation to the suits in equity that a note or other evidence of indebtedness declared on bears to a suit at law: they are merely evidences of the right of action in chancery. It is the filing of the bill that gives the lien. The summons issuing upon the filing is original process. The attachments obtained under s. 4289, not having been required here, gave no additional strength to the liens. Efface the attachments and the liens would still remain, having been oreated by the filing of the bills. The attachments may therefore be regarded as mere sur-plusage. The bankrupt proceedings did not disturb the liens resulting from the filing of the bills.
Affirm the decree.