WILLIAM HIRSHISER ET AL., Respondents, *v.* THOMAS R. TINSLEY ET AL., Appellants.

### November 9, 1880.

1. The mere filing of a creditor's bill, without service of summons, does not create a *lis pendens* or an equitable levy.

2. In a proceeding to subject an insolvent debtor's property to the payment of a debt not reduced to judgment, service of process to bring the property or person of the debtor within the jurisdiction of the court of equity is an attachment on mesne process within the meaning of the Bankrupt Act, and will be dissolved by bankruptcy proceedings begun within four months.

3. After a default to a bill in equity, and after a suggestion of bankruptcy, the assignee in bankruptcy may be permitted to defend.

APPEAL from the St. Louis Circuit Court, WICKHAM, J. *Reversed and remanded.*

NOBLE & ORRICK, for the appellants : The assignment in bankruptcy, having been made within four months after the filing of respondent's bill, released the lien, if any was obtained by filing the bill. — See Bankrupt Act, sect. 14 ; *Morgan* v. *Campbell*, 22 Wall. 393 ; 1 Nat. Bank. Reg. 570 ; *Horner* v. *Mallory*, 31 Md. 478 ; Bump's Bank. 473, sect. 5044.

E. B. SHERZER and J. A. FRITCHEY, for the respondents : The bill was drawn under authority of the decision quoted below, and can be maintained. — *Pendleton* v. *Perkins*, 49 Mo. 565 ; *Luthy* v. *Woods*, 1 Mo. App. 171 ; *Kent* v. *Curtis*, 4 Mo. App. 126 ; *Merry* v. *Fremon*, 44 Mo. 518 ; *Turner* v. *Adams*, 46 Mo. 95 ; *Beal* v. *McVicker*, 3 Mo. App. 592 ; *Lackland* v. *Smith*, 5 Mo. App. 162. Where default is made and not set aside, the defendant's

assignee can make no defence which the assignor could not have made. — *Froust* v. *Bruton*, 15 Mo. 621 ; *Gilstrap* v. *Felts*, 50 Mo. 432.   In equity, the filing of a creditor's bill creates a lien. — *Bank* v. *Schemmerhorn*, 1 Clarke Ch. 299 ; 1 Paige, 637 ; *Miller* v. *Sherry*, 2 Wall. 249 ; *Huse* v. *Swanson*, 7. Heisk. 324.   Mesne process. — *Bank* v. *Jaggers*, 31 Md. 38.   An assignee in bankruptcy is not entitled to take exempt property. — *In re Hester*, 5 Nat. Bank. Reg. 287.

BAKEWELL, J., delivered the opinion of the court.

This was a proceeding in equity to subject the distributive share of defendant Thomas R. Tinsley in the estate of his brother, John S. Tinsley, to the payment of a promissory note for $600 made by defendant Tinsley to the order of plaintiffs.

The petition describes the note, which is at ninety days, dated January 20, 1877, and sets forth the decease of John S. Tinsley, intestate, in St. Louis, Missouri ; that defendant Lewis, as public administrator of St. Louis, has charge of his estate ; that the estate consists wholly of money ; that on final distribution, defendant Tinsley will be entitled to $700 as his distributive share ; that Tinsley is a non-resident, and insolvent, and has assigned all his property except his interest in his brother's estate, and has no other property in this State ;. that there has been no final settlement or order of distribution of said estate ; that no garnishment can reach the interest of defendant in the estate of his brother ; that defendant Tinsley threatens to assign this interest before final settlement.   Judgment is prayed against defendant Tinsley, and that any amount coming to him on final distribution be subjected to payment of plaintiffs' claim.

Defendant Tinsley, who resides in Ohio, was served there with a copy of the writ and petition.   At the next term he

made default, and the petition was taken as confessed as to him. At a subsequent term, defendant Lewis filed an amended answer, denying the allegations of the petition except as to the fact that he was administrator of the estate. He also sets up that defendant was adjudicated a bankrupt on the 23d of August, 1878, and that one Wall was appointed assignee under the act. Wall was permitted to appear, subsequently, against plaintiffs' objection, and he answered, claiming the interest of defendant Tinsley in the estate, as assignee in bankruptcy.

The cause was submitted to the court on an agreed statement of facts, to the effect that the note was executed, and is unpaid; that an order of distribution was made by the Probate Court of St. Louis, showing the distributive share of defendant Tinsley to be $662.50, which the administrator was directed not to pay him until further order. This was on final settlement, at the December term, 1878. Both plaintiffs and defendant Tinsley are residents of Ohio. Tinsley is insolvent, and had made an assignment under the State law; and he went into voluntary bankruptcy, and was adjudicated a bankrupt in August, 1878, when Wall became his assignee. Defendant Tinsley claimed in his petition in bankruptcy, in lieu of homestead under the Ohio statute, as exempt, $500 from the estate of John S. Tinsley, besides other exemptions, a copy of which list was made out by the register in bankruptcy, as is always done; but no action was taken at any time by the assignee upon this claim to exemption. The assignee has set apart no property to the bankrupt Tinsley as exempt; no property at all has come into the hands of the assignee, but he now claims the distributive share of the bankrupt in his brother's estate, under the assignment in bankruptcy. The Ohio Statute of Exemptions and Homesteads was admitted in evidence.

The court found for plaintiffs, and decreed that the share of Tinsley in his brother's estate be subjected to the

payment of the amount found by the decree to be due on the note.

The assignment in bankruptcy was made within four months after the filing of respondent's bill.

By the provisions of sect. 16 of the Bankrupt Act (U. S. Gen. Stats., sect. 5044), the conveyance by the register to the assignee is effectual to transfer to the assignee all the estate of the bankrupt, though the same is then attached by mesne process as the property of the debtor, and dissolves any such attachment made within four months.

It is claimed by respondent that the summons in this case is not mesne process, but primary process. The technical phrase " mesne process " is commonly used in contradistinction to final process, so as to include the process by which the defendant is brought into court. The summons or the *capias*, since the disuse of the process by original, is usually spoken of as mesne process where, under the existing practice, it is actually primary process, and not intermediate process at all. And so the term was undoubtedly used by Congress in the section under consideration. Nor is the mere fact that the proceeding by which it is attempted to create a lien is not technically an attachment on mesne process decisive. The object of the section is to prevent the creation of a lien which did not already exist, and so it is held in *Morgan* v. *Campbell*, 22 Wall. 381. In that case the landlord had no lien, but attempted to create one after proceedings in bankruptcy, by warrant of distress under the Illinios statute. This the Supreme Court held he could not do, whether the warrant of distress was or was not attachment on mesne process. If the lien had existed independently of the warrant, the case would have been otherwise, because the Bankrupt Act does not divest liens already acquired ; and when the act speaks of the bankrupt's estate, it means such estate with all encumbrances then existing upon it. The mere filing of a creditor's bill, without service of summons, does not create a *lis pen-*

*dens* or an equitable levy, and the service of any process which would bring the property or the person of the debtor within the jurisdiction of a court of equity was, we think, an attachment on mesne process such as was contemplated by the Bankrupt Act, and such as would therefore be dissolved by proceedings in bankruptcy within four months.

We are referred to *House* v. *Swanson*, 7 Heisk. 32. It is held in that case that a judgment creditor seeking to compel the discovery of property has a lien from the filing of his bill, which is not divested by subsequent proceedings in bankruptcy. That case is not parallel with the one at bar. It was the case of a judgment creditor seeking to make effectual an execution already issued. The creditor was proceeding under final process. The statutes of Tennessee give a lien to a judgment creditor seeking to compel the discovery of property of his debtor from the filing of his bill. Rev. Stats. Tenn., sect. 4286. The Supreme Court of Tennessee holds in that case that the summons issued upon the filing of the bill is not mesne process within the meaning of the Bankrupt Act. But the lien is given by statute from the date of the filing of the bill, and is not acquired by the process issued. To hold that a creditor who has not reduced has claim to judgment may, after bankruptcy, or within four months of bankruptcy, by filing a creditor's bill and obtaining service upon the bankrupt, obtain a lien which is not divested by the assignment in bankruptcy, would be, we think, to defeat by judicial construction a main object of the act.

Appellants contend that defendant Tinsley, having filed no answer, is concluded by the decree, and that the assignee was improperly made a defendant after the judgment by default, and has no standing in court. The default against Tinsley could have no other effect than that of an admission of the facts stated in the petition. These, together with facts appearing in the agreed statement of facts on which the case was submitted, do not, for the reasons stated,

warrant the decree. After the suggestion of bankruptcy, there could be no impropriety in admitting the assignee to defend. The bankrupt was *civiliter mortuus* as to his estate acquired before bankruptcy, and the assignee stood in his shoes. However true it may be that exempt property does not pass to the assignee, the homestead exemption in this case was but $500, and the property in dispute exceeded that amount. All the defendants' appeal.

The judgment is reversed and the cause remanded. All the judges concur.