EDWARD V. PIERCE, Appellant, v. CONRAD R. STINDE ET.
AL., Respondents.

January 24, 1881.

1. Where the term passes without an appeal having been taken there is then
no suit pending, and no jurisdiction of the parties until a writ of error is
sued out and notice thereof given.

2. After the lapse of the term without an appeal having been taken, a *bona
fide* purchaser of the property in controversy, who buys without knowl-
edge that a writ of error has been sued out, takes a title unaffected by
any rights which the plaintiff in error may acquire under the writ of
error.

APPEAL from the St. Louis Circuit Court, LINDLEY, J.
*Reversed and remanded.*

S. N. HOLLIDAY, for the appellant: Pierce's knowledge
of Stinde's suit, and of the facts involved therein that were
adjudicated upon by the circuit court, as learned from
Gottschalk's certificate after the final judgment, did not
disqualify him from purchasing the land from defendants
in that suit after the time for taking an appeal had
elapsed. — *Harrington* v. *McCollum*, 73 Ill. 476; *Taylor*
v. *Boyd*, 3 Ohio, 337; *Bank* v. *Bank*, 6 Pet. 16; *Lovett*
v. *Church*, 12 Barb. 67, 83; *Gott* v. *Powell*, 41 Mo. 416,
419. The orignal suit of *Stinde* v. *Behrens and wife* was
not pending after the expiration of the June term, because
a writ of error is a new suit. — *Ripley* v. *Moriss*, 7 Ill.
381; *Allen* v. *Mayor*, 9 Ga. 286; *Gregg* v. *Berthea*, 6
Port. 9; *McJilton* v. *Love*, 13 Ill. 486, 494; *Robinson* v.
*Magarity*, 28 Ill. 423, 426; *Phelps* v. *Landon*, 2 Day,
371; *Hailman* v. *Buckmaster*, 8 Ill. 498; *Jenkins* v.
*Pepoon*, 2 Johns. Cas. 312. The writ of error in this case,
although sued out September 29, 1877, was not pending so
as to notify purchasers, until the defendants in error were
brought into court by proper notice. A suit pending is
not notice to a purchaser, so as to affect and bind his in-
terest, until the writ is served, after petition filed. — *Bailey*

v. *McGinniss*, 57 Mo. 362, 371 ; *Herrington* v. *Herrington*, 27 Mo. 560, 562 ; *Metcalf* v. *Smith*, 40 Mo. 572 ; *Samuels* v. *Shelton*, 48 Mo. 444. Purchasers, after a decree in chancery, and after writ of error issued and bond given, but before notice served of the issuance of the writ, are not *pendente lite* purchasers. — *Taylor* v. *Boyd*, 3 Ohio, 337 ; *McCormick* v. *McLure*, 6 Blackf. 466.

FINKELNBURG & RASSIUER, for the respondents : One who purchases property *pendente lite* is bound by the judgment rendered against the person from whom he derives title. — *O'Reilly* v. *Nicholson*, 45 Mo. 160 ; *Real Estate Instn.* v. *Calonius*, 63 Mo. 290. Parties having actual notice cannot invoke the benefit of statutory notice. — *Sampson* v. *Oleyer*, 22 Cal. 200. Actual notice need not be direct or formal. Any facts or circumstances which would put a prudent man on inquiry, are sufficient. — *Bartlett* v. *Glasscock*, 4 Mo. 62 ; *Stephenson* v. *Smith*, 7 Mo. App. 610–619 ; *Mense* v. *McLean*, 13 Mo. 29 ; *Major* v. *Buckley*, 51 Mo. 227 ; *Fellows* v. *Wise*, 55 Mo. 413. Notice is *actual*, when the purchaser knows of the existence of the adverse claim, or is conscious of having the means of knowledge, although he may not use them. — *Speck* v. *Riggin*, 40 Mo. 405 ; *Vaughan* v. *Tracy*, 22 Mo. 415 ; *Rhodes* v. *Outcalt*, 48 Mo. 367 ; *Muldrow* v. *Robinson*, 58 Mo. 331 ; *Eck* v. *Hatcher*, 58 Mo. 235 ; *Comet* v. *Bertelsman*, 61 Mo. 118.

THOMPSON, J., delivered the opinion of the court.

This is a petition in ejectment. It appeared at the trial that, on April 14, 1875, the defendant C. R. Stinde recovered a judgment against one Rudolph Behrens, for $1,533.67, in the St. Louis Circuit Court ; that execution issuing from this judgment was levied upon the property here in controversy ; and that it was sold thereunder to Stinde, who received a sheriff's deed therefor. At this time the legal title to the

property was in Wilhelmine Behrens, wife of Rudolph Behrens. Thereafter Stinde brought an action against Mrs. Behrens and her husband, in the nature of a creditor's bill, alleging that title to the property had been vested in Mrs. Behrens by her husband by a fraudulent conveyance, and praying for a decree declaring the title in the plaintiff Stinde, and for a writ of possession. On May 22, 1877, the defendants, Behrens and wife, had judgment against Stinde in the circuit court. A motion for a new trial was filed within the proper limit of time; a bill of exceptions was signed during the term, but it would seem, owing to the circuit court adjourning on the last day of the term — September 29, 1877 — at an earlier hour than was expected, Stinde was prevented from taking an appeal. But his counsel, on the same day, applied for a writ of error in the office of the clerk of the St. Louis Court of Appeals, and the writ issued on the same day. On October 6, 1877, the clerk of the circuit court certified a transcript of the record to the court of appeals. On February 16, 1878, this transcript was filed in the office of the clerk of the court of appeals. In the meantime, Behrens and wife having removed from the State, it became impossible to serve them with notice of the writ of error; and hence, on April 2, 1878, leave was given to Stinde by the court of appeals, to serve them with notice by posting the same in the office of the clerk of the circuit court, which was done. On December 10, 1878, the judgment of the circuit court was reversed by the court of appeals, and the cause remanded to the circuit court. On January 13, 1879, the circuit court, in pursuance of the mandate of the court of appeals, rendered judgment in favor of Stinde, and awarded him a writ of possession, under which he was put in possession of the premises in dispute.

It is important that this chain of dates should be kept in mind, for it brings us to the more material facts of the case.

It appears that from the day of the adjournment of the term of the circuit court at which the judgment had been rendered in favor of Behrens and wife in Stinde's suit against them, there was, until April 2, 1878, an interval during which, if the views which we shall hereafter express are correct, Behrens and wife were out of court, and there was no suit pending against them in respect of the land in question. Before the judgment of the circuit court had been rendered, Mrs. Behrens had offered to sell the land in controversy to Pierce, the plaintiff in this action. But he, having heard something about a suit affecting the land, declined to purchase until they could bring him a certificate of Mr. Gottschalk, their counsel in the case, to the effect that the litigation had finally ended in their favor. After the judgment of the circuit court had thus been rendered and the term had lapsed without an appeal being taken, Mr. Gottschalk gave such a certificate in writing — which, it will be seen, was a succinct history of the litigation — in the following language : "Conrad R. Stinde recovered a judgment against Rudolph Behrens in St. Louis Circuit Court, April 14, 1875, for $1,533.67 ; had it levied upon lots 60, 61, 62, 63, block 71, and at the sale bought the interest of Rudolph Behrens in said property. He then brought suit against Rudolph and Wilhelmine, his wife, in St Louis Circuit Court, being No. 31,726, October term, 1875, praying that the title of Wilhelmine be vested in him. This suit was finally decided at June term, 1877, confirming the report of the referee, which was to the effect that said Rudolph had no interest in said property, but that the same belonged to Wilhelmine, his wife, and that the plaintiff Stinde acquired nothing by his purchase ; that said Stinde's judgment was not a lien on this property, and that said property could not be reached for Rudolph Behren's debt. This suit has not been appealed from, and, the term having expired, it cannot be appealed. As a conclusion, we will say that Wilhelmine Behrens, her husband joining her, can

convey a good title to said property, and that said Stinde's judgment is no encumbrance thereon.

"GOTTSCHALK,

"ST. LOUIS, Oct. 2, 1877.    Attorneys at Law."

Upon the faith of this certificate, having no knowledge that steps had been taken to prosecute a writ of error in the St. Louis Court of Appeals to reverse the judgment, and believing that the litigation had finally ended in favor of Behrens and wife, the plaintiff Pierce, in good faith, on October 10, 1877, purchased the land of Mrs. Behrens, and paid a full and fair value therefor, and on the following day received a warranty deed for the same. Behrens and wife immediately delivered possession to him, and he continued in possession, collecting the rents, until March 5, 1879, when he was ousted by the writ of possession from the circuit court, as already stated.

The grounds on which the defence in this case rests are twofold: 1. That at the time of the purchase the plaintiff had actual notice of the claim of the defendant, and hence purchased subject to his equity. 2. That at the time of the purchase, the plaintiff's claim was being prosecuted in a judicial proceeding, and that there was hence a *lis pendens*.

If the first proposition is correct, it may be conceded that the plaintiff cannot recover. One who purchases land with knowledge of the fact that the equitable title is claimed by another, purchases subject to the equities of that other, and subject to the liability of having his legal title divested out of him and vested in the owner of such equitable title. This is an elementary proposition, and is not controverted. *Rhodes* v. *Outcalt*, 48 Mo. 367; *Barksdale* v. *Brooks*, 70 Mo. 197. If the defendant had such a title at the time when the plaintiff purchased the land, and the plaintiff had actual notice of it, then, under the operation of our statute, permitting equitable defences to actions of ejectment, it equally follows that the plaintiff cannot recover; for upon

the undisputed facts, it must be taken that the plaintiff had notice of all the facts which existed, except the fact that the defendant had sued out the writ of error.

But what was it of which the plaintiff had notice? He had full notice of this, and of nothing but this : that a claim to the land in question had been set up by the defendant, *and that it had been finally adjudicated against him.* He had no notice of anything further, unless he is to be charged with the constructive notice created by a *lis pendens.* We do not mean to intimate, nor at all to discuss the question, whether the doctrine of *lis pendens* rests upon the idea of notice, or whether it rests upon the impolicy of allowing a party litigant to give to others, pending the litigation, rights to the property in dispute to the prejudice of the opposite party (see *Bellamy* v. *Sabine*,) De G. & J. 566, 578), because, whatever may be the ground on which the doctrine rests, if the defendant's suit was pending at the time the conveyance to the plaintiff was made, the plaintiff cannot recover.

2. The next question, therefore, is, was the defendant's suit pending at the time when the plaintiff purchased the property? We are clear of doubt that it was not. We take it to be well settled that a writ of error is a new suit, and not merely a continuance of the suit the judgment in which it is brought to reverse. 2 Tidd's Pr. 1141 ; *Batchelor* v. *Ellis,* 7 Term Rep. 337 ; *Ripley* v. *Morris,* 7 Ill. 381 ; *Allen* v. *Mayor,* 9 Ga. 286, 293 ; *Gregg* v. *Berthea,* 6 Port. 9 ; *Robinson* v. *Magarity,* 28 Ill. 423, 426 ; *Eldridge* v. *Walker,* 80 Ill. 270, 273. This doctrine is not at all peculiar to the common-law writ of error. It has been held equally applicable to the statutory writ of error which is given in some states, as in ours, in equity cases. *Taylor* v. *Boyd,* 3 Ohio, 337, 354. Indeed, this writ is now regulated in England, and probably in most of the American states, by statutes, as with us. But

these statutes, it is conceived, do not create a new remedy ; they merely define and regulate a remedial process which existed at common law. This being so, it is clear that when a sale of land is made between the date of a final judgment affecting the land, and the date when a proceeding in error is commenced to reverse that judgment, it is not sold subject to a *lis pendens*, and the purchaser will get a good title, unaffected by the circumstance that the judgment is afterwards reversed in the proceeding under the writ of error. It has been so adjudged. *Taylor* v. *Boyd*, 3 Ohio, 337 ; *Eldridge* v. *Walker*, 80 Ill. 270, 273 ; *McCormick* v. *McClure*, 7 Blackf. 466. And there are analogous decisions in cases where suits at law or in equity have been dismissed and afterwards revived, and the land which was the subject of the suit has been sold to a stranger between the date of the dismissal and revival. *Herrington* v. *McCollum*, 73 Ill. 477. See also *Clarkson* v. *Morgan*, 6 B. Mon. 441.

Does this principle apply to a case like the present, where, although a writ of error was sued out at the time the conveyance was executed, no appearance had been made by the defendant in error, no process had been served upon him, no publication had been made, and no other step taken, whereby he was affected with such notice of the proceeding in error as gave the court of error jurisdiction over him? We are of opinion that it does.

With reference to original suits, it is a rule that there is no *lis pendens* till the defendant has been served with process, or has voluntarily appeared, or until there has been a publication or other lawful proceeding to vest the court with jurisdiction to proceed (*Metcalf* v. *Larned*, 40 Mo. 572 ; *Samuels* v. *Shelton*, 48 Mo. 445, 451 ; *Bailey* v. *McGinniss*, 57 Mo. 362, 371 ; *Herrington* v. *Herrington*, 27 Mo. 560, 562 ; *Hirshiser* v. *Tinsley*, 9 Mo. App. 339 ; Wade on Notice, sect. 348) ; for it is an elementary rule that there

is no *lis pendens* unless there is a proceeding in a court having jurisdiction ( *Carrington* v. *Brent*, 1 McLean, 167 ; *s. c.* 9 Pet. 86) ; and, until such steps have been taken, there is no jurisdiction. Unless we are entirely wrong in the foregoing premises, the same principles must be applicable to a writ of error. When a judgment has been rendered and the term has lapsed without an appeal, the parties are out of court, and the jurisdiction of the court over them is at an end. From that time till a court of error has acquired jurisdiction over them, by the bringing of a proceeding in error by one party, and the requisite service of notice, or publication, or posting, so as to charge the other party with notice of the proceeding, actual or constructive, there is no jurisdiction, and no suit pending ; and if, in the meantime, a third person, having no knowledge that proceedings have been instituted for the prosecution of a writ of error, buys the land in good faith and for a full consideration, he will hold it unaffected by any rights the plaintiff in error may acquire by the prosecution of the writ of error.

What would be the condition of such third person, if, at the time of his purchase, he had actual knowledge that the initiatory steps had been taken for the prosecution of the writ of error, we have not to consider. Certainly his rights would not be affected, under the doctrine of *lis pendens,* though such knowledge might place him in the situation of a subsequent purchaser having *actual notice*. But the plaintiff in the present case, at the time of his purchase, had no knowledge of the steps taken to prosecute a writ of error. Upon neither ground, therefore, can his title be taken away from him in consequence of the fact that the defendant was successful in prosecuting his writ of error to reverse the judgment which Behrens and wife had obtained against the defendant.

In reaching this conclusion we have proceeded upon what we regard as settled rules of law. These rules are not,

however, merely arbitrary rules.   They are supported by strong reasons of justice and public policy.   The rule of *lis pendens*, though necessary to the due administration of justice, is regarded by courts as a harsh rule in its operation upon innocent purchasers.   It is this feeling which has given rise to the limitation of the rule, that a suit once commenced will not continue to operate ʾas a *lis pendens* unless it is prosecuted with reasonable diligence.   Under our statute, a writ of error may be sued out as a matter of right at any time within three years after the rendition of a final judgment; and, in case the judgment is against persons under disability, at any time within three years after the removal of the disability.   Rev. Stats., sect. 3745.   It is thus perceived that there may be, in possible cases of infant parties, an interval of near twenty-four years, during which a writ of error may be brought to reverse a final judgment affecting their land; while in cases of judgments against married women, the interval may, in possible cases, extend to fifty years or more.   Are we to lay down a rule which will have the effect of declaring that, during these long intervals, the title to real property is to remain disquieted, and the rights of purchasers in good faith put to the hazard of having the property taken away from them by a possible reversal of the judgment in the remote future?   Such a rule would contravene the policy of modern legislation and jurisprudence, which has sought to unfetter and render safe the alienation and purchase of real property.   This species of property now enters largely into commerce, and it also affords a secure means for the investment of trust moneys belonging to infants, married women, aged people, and others, who are unable to employ their means actively in business.   A rule which would defeat the plaintiff's right to judgment in this case would materially obstruct the free alienation of real property and diminish the safety with which money could be invested in it.   In such a case as

that of *Stinde* v. *Behrens and wife*, its practical operation would have been to prevent Mrs. Behrens from selling or encumbering the property in controversy for three years after the date of the judgment rendered in her favor. If Stinde had been an infant, this period, in which she would have been prevented from alienating the property, would have been extended to three years after he had come of age; and if the suit had been prosecuted by Mrs. Stinde, the period would have extended to three years after she might have become discovert, which might be a contingent period in the far future.

It is needless to enlarge upon these suggestions. This may be regarded as a hard case so far as Mr. Stinde is concerned. His counsel seem to have acted with good professional diligence. An accidental circumstance prevented him from taking an appeal instead of prosecuting a writ of error. The extraordinary diligence of Behrens and wife in unloading the property upon an innocent purchaser and moving out of the state, finally defeated him of the fruits of the decision of this court, afterwards rendered in his favor. While he is thus made to suffer without the fault of himself or his counsel, we cannot relieve him by declaring a rule which would transfer his loss to an innocent purchaser for full value, when to do so would contravene settled rules of property, which are based upon the soundest considerations of policy.

It is unnecessary to spread out the instructions given and refused. It is sufficient to say that neither the rulings upon the instructions prayed for, nor the judgment which was rendered, were in accordance with these views. The judgment must, therefore, be reversed and the cause remanded. Judge BAKEWELL concurs; Judge LEWIS is absent.