[The following decision of the Supreme Court of Missouri, made at the January term, 1861 (filed March 15, 1861), is not published in the Reports:]

CHAS. B. SMITH, Defendant in Error, *v.* JOHN M. McCUTCHEN, GARNISHEE OF DANIEL OGLE, Plaintiff in Error.

1. *Jurisdiction—Practice—Process—Publication.*—A judgment *in personam* for a debt against a non-resident of this State, obtained upon a mere order of publication, without the service of any process, or of an attachment upon the defendant's property, is a judgment without process and void. A party summoned as garnishee by execution upon such judgment may defend by showing the invalidity of the judgment for want of jurisdiction. The statute R. C. 1855, p. 1224, § 13, was not intended to give such jurisdiction; it applied only to cases where the court had jurisdiction over property sought to be affected by the suit.

2. *Attachment—Process—Jurisdiction.*—Judgments obtained on an attachment process against non-residents will bind the property attached, but will not be treated as evidence of indebtedness, or as operative in any manner *in personam,* for there is no power of adjudication.

Smith v. McCutchen, Garn.

*Error to Cooper Circuit Court.*

EWING, Judge, delivered the opinion of the court.

Smith obtained judgment against Ogle in the Common Pleas Court on a mere order of publication published in a newspaper, Ogle being a non-resident of the State. The judgment was a general judgment *in personam.* Execution was issued from the Cooper Circuit Court (to which, in the repeal of the law establishing the Common Pleas Court, all judgments were transferred), and McCutchen, being garnished as Ogle's debtor, filed a motion to quash the execution and dismiss the garnishment; which was overruled. An answer was then filed by McCutchen to the interrogatories, admitting indebtedness, but denying the plaintiff's right to recover, on the ground (alleged in his motion) that the judgment was a nullity as being rendered, without notice or appearance, on an order of publication; and an issue being made on the answer, and these facts being admitted, the court gave this instruction :

"That although the said judgment was rendered upon a mere order of publication published in a newspaper, or without any appearance or defence by Ogle, and without any writ or other process having been served upon him; and although he was a non-resident of Missouri, and was not in the State during the pendency of the proceedings against him, yet said judgment and execution were and are valid, and the garnishee (McCutchen) is liable upon the garnishment"; and refused a counter-declaration asked by the defendant, to which he excepted. There was a finding and judgment for plaintiff; and a motion for a new trial being overruled, the defendant brings the trial here by writ of error.

This declaration of law assumes the extra-territorial force of the statute of this State upon which the plaintiff relies, and that it is operative through a judicial proceeding *in personam* alike upon residents and non-residents ; that the jurisdiction of our courts, as it respects the latter, is not derived merely from the existence of property of such non-residents

within the State, but may be exercised without any such restriction and valid judgments rendered against them *in personam* upon publication merely.

No sovereignty can extend its powers beyond its own territorial limits to subject either persons or property to its judicial decisions. Jurisdiction must be founded either upon the person of the defendant being within the territory of the sovereign where the court sits, or his property being within such territory; for otherwise there can be no sovereignty exerted, upon the known maxim, *extra territoriam jus dicenti impune non paretur*. Even, therefore, should a Legislature of a State expressly grant such jurisdiction to its courts over persons or property not within its territory, such grant would be treated elsewhere as a mere attempt at usurpation, and all judicial proceedings in virtue of it held utterly void for every purpose — Story, Confl. L. § 539. A judgment obtained against a party who has no notice is void. It is unnecessary to cite adjudged cases in support of principles so well settled as these.

Judgments obtained on attachment process against non-residents will generally bind the property attached, for to that extent there is jurisdiction; but such judgments cannot be regarded as evidence of indebtedness, or operative in any measure *in personam*, for the obvious reason that (except so far as the property attached is concerned) there is and can be no jurisdiction—no power of adjudication—Sto. Confl. L. § 547; Picquet v. Swan, 5 Mass. 35.

We do not, however, view the statute as conferring the jurisdiction claimed. The provision mainly relied on ( R. C. 1855, p. 1224, § 13) was not enacted for the first time in 1849, when incorporated into our code of practice; the same substantially is found in the statutes of 1825 (R. C. 1825, p. 637), and re-enacted in the succeeding revisions of 1835, p. 507, and 1845, p. 847. When the distinction between actions at law and suits in equity was abolished, and these provisions (therefore applicable to a certain class of chancery cases) introduced into the code, we cannot suppose that it

was thereby intended to make any change in the jurisdiction of the courts, or to give them any other or different operation than they had previous to the act of 1849. The practical construction, according with the general understanding of the profession, doubtless was that they applied to cases in the nature of proceedings *in rem*, where the jurisdiction was assumed over non-residents, through the instrumentality of property in the State, and that judgments and decrees rendered were not binding upon them beyond such property. The law having thus acquired a definite meaning and application previous to incorporation in the present code of practice, in that sense we are to suppose it to have been employed at that time—the adoption of the code; and in continuing it as we find it in the new statute, regard should be had to their known and established construction in the former.

Judgment reversed; Judge Napton concurring; Judge Scott absent.