EDWARD G. BUSH, Respondent, v. ANDREW ARNOLD et al., Appellants.

St. Louis Court of Appeals, May 10, 1892.

1.   **Jurisdiction:** ENFORCEMENT IN STATE COURTS OF JUDGMENTS OF FEDERAL COURTS.   One who has recovered a judgment in a court of the United States is entitled to prosecute in a state court a proceeding in equity to subject to its satisfaction property which cannot be reached under execution.

2.   **Practice, Appellate:** PROCEEDING IN EQUITY: INCOMPETENT EVIDENCE.   An appellate court in a suit in equity is under the duty of reviewing the facts, and of deciding the case upon competent evidence, excluding from consideration that which cannot, under the rules of law, be treated as evidence at all.   And *held*, accordingly, that where the trial court in such a suit admitted, against proper objection, an *ex parte* affidavit to establish an issue in the cause, this court was bound to disregard the affidavit in deciding the cause on appeal.

*Appeal from the Laclede Circuit Court.*—HON. W. I. WALLACE, Judge.

REVERSED AND REMANDED.

*T. A. Lowe*, for appellants.

*J. C. Kiskaddon* and *C. F. Gallenkamp*, for respondent.

THOMPSON, J.—This proceeding, which was commenced and prosecuted in the circuit court of Franklin county, is in the nature of a creditor's bill in equity to subject a legacy to the satisfaction of the plaintiff's judgment. The petition recites a recovery in the circuit court of the United States for the eastern district of Missouri, by the J. I. Case Threshing Machine Company, of a judgment against the defendant, Andrew Arnold, and others, in the aggregate sum of $1,986.05, and the subsequent assignment of the judgment to this plaintiff. It then sets up that in 1889 one Wilhelmine Arnold departed this life, leaving a will wherein, after several specific legacies and bequests, she devised and bequeathed the residue of her estate to several persons, one of whom was Andrew Arnold, the defendant in the above-named judgment, providing that all such residue of her property, real and personal, should be first converted into money, and the money divided among such residuary legatees; that by such will she appointed the defendant, Henry Krog, as executor thereof; that the will was duly proved, and that Henry Krog duly qualified as executor thereunder; that the judgment recovered in the circuit court of the United States as above stated remains wholly unsatisfied; that defendant, Andrew Arnold, and his codefendants in said judgment are insolvent, and have no property out of which satisfaction of the judgment can be had; that the defendant Arnold has often threatened and declared it to be his purpose to defeat the claims and demands of the plaintiff in said judgment, etc. And then, in a frame of

language which need not be set out, the petition prays, in substance, that the defendant Arnold be enjoined from collecting and disposing of the legacy, and that defendant Krog be enjoined from paying it to him, or to anyone, until the plaintiff's judgment is satisfied, but that he be required to apply a sufficient amount thereof to the satisfaction of the plaintiff's judgment, etc.

The defendant Arnold demurred to this petition on two grounds: *First.* That it does not state facts sufficient to constitute a cause of action. *Second.* That the court has no jurisdiction. The defendant Krog also demurred, setting up: *First.* In substance, that the petition does not show that he has threatened to, or is about to, or will, pay over any money to the defendant Arnold, and, consequently, does not show that an injunction is necessary to the protection of the plaintiff's rights. *Second.* That this defendant is not a necessary party, in that there is no right of action in the plaintiff against him either at law or in equity. The court overruled these demurrers, and thereupon, the defendants declining to plead further, the court entered an interlocutory degree, reciting, in substance, the facts of the petition admitted by the demurrers, and enjoining the defendants according to the prayer of the petition, and requiring the defendant Krog, after the exact amount due to the defendant Arnold should be ascertained, to deposit the same with the clerk of the court, "to be disposed of in consonance with the findings of the court herein made, and to be subject to any such further orders as may be made by the court herein, as the rights of the respective parties and justice may require." A supplementary decree was entered, allowing the executor to pay into court from time to time so much of the legacy of the defendant Arnold, as, in his opinion, he could safely

do without prejudice to himself as executor, etc.; and under this supplementary decree he paid into court the sum of $660. Thereafter the plaintiff filed a written motion for the court to direct the clerk to pay this money over to the plaintiff, less such proper costs and charges as should be deducted therefrom.

Thereafter the defendants set up a claim of exemption in the money so paid into court, in the following language:

"And now again comes the defendant, Andrew Arnold, and for further plea says that he is old and growing weak and infirm from advancing age; that he is in destitute circumstances, and is a housekeeper, and head of a family, consisting of himself and one son, Fred A., a minor, and one unmarried daughter, who are wholly dependent upon him for support; that he claims the money, to-wit, the $660 deposited by his codefendant, as executor of the will of Wilhelmine Arnold, deceased, with the clerk of this court on the twentieth day of November, 1891, under the previous orders of this court, as exempt from seizure or appropriation by any means whatever for the purpose of paying off or applying the same to the payment of the judgment mentioned and described in plaintiff's petition; and that he makes this his claim to said money as the head of his said family, and for the use, benefit and protection of all his said family, and that he makes this his selection, and elects to hold said money exempt from seizure upon execution or appropriation by any ways or means whatsoever, in lieu of, and because he does not own, property such as is mentioned in the first and second subdivisions of section 4903 of the Revised Statutes of 1889, relating to executions; and that he has no real estate of the value of $1,500, nor any subject to sale upon execution.           ANDREW ARNOLD,

"Per T. A. Lowe,

     "His Attorney."

Thereafter, the case coming on to be heard on this motion of the plaintiff, and this claim of exemption of defendant, the plaintiff put in evidence an execution issuing from the circuit court of the United States for the eastern district of Missouri on the plaintiff's judgment, and the doings of two successive United States marshals thereunder; from which it appeared that enough had not been realized under said execution, after setting out a homestead to the defendant Arnold, to satisfy the costs of the suit and of the execution in the United States court. The return of the last marshal showed that property, both real and personal, had been sold under the execution. The plaintiff then gave evidence showing that specific personal property, aside from that levied upon and sold, had been set apart to the defendant Arnold as his exemption, under the statute, and there was no countervailing evidence on this point. The defendant Arnold did not offer himself as a witness, and did not offer any other witness in support of his claim above filed, in any other way than by filing his own *ex parte* affidavit, subscribed and sworn to before a justice of the peace. This affidavit set up, in substance, that he was old and was the head of a dependent family; that he did not own nor control any property mentioned in section 4903 of the Revised Statutes of 1889 as exempt from attachment and execution; that he did not have any personal property, except the money coming to him in this legacy; that a homestead, consisting of eighty acres, was set apart to him under an execution issuing from the judgment in the United States court, but that it was and is incumbered by a mortgage to the extent of $700; that he is indebted to his son-in-law and his daughter in the sum of $530, evidenced by his promissory notes, which have been renewed from time to

time, and which he is unable to pay; that his son-in-law, who is the payee of this note, has since died, leaving a wife, the daughter of the affiant, and two minor children who are the owners of said indebtedness; that the affiant has not concealed nor made away with any of his property for the purpose of avoiding his debts or defeating his creditors; and that the reason why he does not make out and file in the proceedings in this cause an inventory of his personal property is, because he does not own property mentioned and allowed in said section 4903, Revised Statutes, except the household and kitchen furniture, beds and bedding necessary for the family use, which will not exceed the value of $100. This affidavit was subscribed to on the thirtieth of November, 1891, and was filed with the clerk of the circuit court of Franklin county, in which this proceeding was depending on the fifteenth of December, 1891. Counsel for the defendant Arnold offered it in evidence, and the court admitted it against the objection of the plaintiff, that it was incompetent, and that it shows that the defendant has no property, but does not show that he has not already had his exemption on such judgment; that it is merely an affidavit, and that the plaintiff has had no opportunity to examine the witness. These objections were overruled, and the plaintiff excepted.

The court thereupon sustained the motion of the plaintiff, and decided against the claim of exemption of the defendant, and ordered the clerk to turn over the money to plaintiff after deducting the costs. On the same day the defendant Arnold filed a motion to set aside this order, which being overruled, he appeals to this court upon the whole case, and assigns for error, in substance: *First.* That the circuit court of Franklin county had not jurisdiction of a suit in the nature of an

equitable garnishment to enforce the satisfaction of a judgment recovered in a circuit court of the United States. *Second.* That an equitable garnishment can not be substituted for an execution and supplementary proceedings thereon. *Third.* That this legacy, being a trust fund, is not liable for the payment of any debts of the defendant Arnold not contracted on the faith of it. *Fourth.* That the defendant Arnold should have been allowed an exemption out of the money paid into court to the extent of $300 under the statute above invoked. We will consider these assignments in the order in which they are presented.

We do not regard it as necessary to make any extended observations on the question of the jurisdiction of the state circuit court to entertain a suit in the nature of a bill in equity to subject to the satisfaction of a judgment, rendered in a court of the United States, assets which could not be reached by execution at law. The argument of the defendant in support of this assignment of error is, that the federal court had full power to enforce satisfaction of its own judgment by any proper means. It is not necessary to consider whether the federal court had such power or not; because, admitting for the purpose of argument that it had such power, it does not at all follow that the state court had not such power. We have no doubt that one who has recovered a judgment in a court of the United States is entitled to prosecute in a state court any supplementary proceeding in equity to procure satisfaction of such judgment, where the conditions are such that the state court would have jurisdiction of an ordinary action between the parties; and we accordingly overrule this assignment of error.

The next assignment of error is amplified by the appellant in the following proposition: "An equitable garnishment cannot be substituted for, nor take the

place of, an execution and proceedings upon it; but the equitable power exists only where property or money, for some reason is not subject to legal process, or where its status is unknown, or where there are adverse conflicting claims to the fund." To this proposition counsel cites *St. Louis v. Keane*, 27 Mo. App. 642; *St. Louis v. Lumber Co.*, 42 Mo. App. 586. This proposition may be conceded, since it is but a special statement of a larger proposition, that a creditor's bill will not lie where the creditor has an adequate remedy under his process of execution without the extraordinary interposition of equity. But it does not at all appear that the creditor has any such remedy in this case. The suit proceeds upon the idea, that, unless this legacy is impounded by a proceeding in equity, it will be paid over by the executor to the legatee in the ordinary course of his duties, and will be by the legatee placed beyond the reach of any execution which the plaintiff could sue out upon his judgment. That, in substance, is what the plaintiff alleges that the executor will do, and what the defendant Arnold threatens that he will do; and, as these allegations are admitted by the demurrer, they clearly state a case for equitable interposition.

The next assignment of error is amplified in the printed argument of the defendant Arnold thus:

"This legacy, being a trust fund, is not liable for the payment of any indebtedness of Arnold not contracted on the faith of it; for the rule obtains that, where a power is given by will or deed to an executor or trustee, the execution of which is not contrary to law or public policy, and which is free from fraud, and the donation is intended for charitable or humane purposes, and the trustee is in the act of and willing to execute the trust according to direction, then the courts will not interfere with such trustees, nor direct a different

disposition of the property or estate than that intended by the executor or donor of the power and property."

This attempts to invoke the doctrine in regard to what are known as spendthrift trusts created by wills, which doctrine has been before this court and the supreme court, and which has been the subject of very thorough consideration in the supreme court of the United States in the case of *Nichols v. Eaton,* 91 U. S. 716. Unfortunately for this argument, no such question is raised upon the record. It nowhere appears upon the record that the legacy was by its terms to be exempt from the debts of the defendant Arnold. Nor is there anything in the language of the petition describing the legacy, from which it could possibly be inferred that it created what is called a spendthrift trust; nor did the defendant Arnold raise this question in any manner in the court below. We must, therefore, lay it out of view, and proceed to the next assignment of error.

The next assignment of error presents a question which is more substantial, but which, we think, must be ruled against the defendant. It is that the court should have allowed the defendant Arnold an exemption to the extent of $300 in the fund paid into court, before paying over any of the residue to the plaintiff. His proposition is, that he was entitled to have his exemption continuously kept up to the full measure allowed by law, on which proposition he cites *Weiss v. Levy,* 69 Ala. 209. And he stated that the learned judge of the circuit court rejected his claim for exemptions on the authority of the decision of this court in *State to use v. Caross,* 24 Mo. App. 358. It was held by this court in the last-named case that an execution debtor cannot claim full exemptions against the same creditor on each of several successive levies of execution under the same judgment; but that, where a

part of his exemptions has been set apart under one levy, the residue may be set apart under another levy. Whether this view of counsel is tenable we need not consider, because, in this case, he did not present his right to the exemption by competent evidence. He merely tendered in court his own *ex parte* affidavit, taken before a justice of the peace; and, although the court received this against the objection of the plaintiff, on the ground that it was incompetent, and that it precluded the plaintiff from the right to cross-examine the witness, yet, after admitting it, it was not evidence which the court could rightfully consider in determining that the defendant Arnold was entitled to any exemption at all. This being a case in equity, where we review the facts, it is our duty to decide the case upon competent evidence, excluding from consideration that which cannot, under the rules of law, be treated as evidence at all. *Davis v. Kline*, 96 Mo. 401. Moreover, the reasons on which the learned judge refused the claim of exemption are not shown by the record, and it is our duty to affirm his judgment without speculating upon his reasons, if there is any good reason which demands its affirmance; and we affirm it, in so far as it related to this claim of exemption, on the ground that the defendant Arnold offered no competent evidence to show that he was entitled to any exemption. The motion and his claim of exemption presented questions to be tried in court, and the trial could only take place in conformity with the ordinary rules of evidence. He should have offered witnesses in support of the facts alleged in his claim of exemption, and given the plaintiff the opportunity to cross-examine them, and to produce, if he should think fit, countervailing evidence.

Finding no error in the record, it is ordered that the judgment be affirmed. All the judges concur.