WM. M. BEYER, Appellant, v. CONTINENTAL TRUST COMPANY et al., Respondent.

Kansas City Court of Appeals, November 18, 1895.

1. Corporations: INSOLVENCY: DIVIDENDS TO STOCKHOLDERS. A dividend paid by an insolvent corporation to a stockholder, as against a creditor at that time, is necessarily a gift and is fraudulent and void, and the stockholders must account therefor to the judgment creditor.

2. Attachment: LEGAL AND EQUITABLE DEMAND. An attachment can only issue on a legal demand and not on an equitable claim.

3. Corporation: INSOLVENCY: LIEN OF CREDITORS. The lien of the creditors of an insolvent corporation upon its assets in the hands of others is purely equitable and enforcible only in an equitable proceeding.

4. ——: ——: TITLE TO PAID DIVIDENDS: ATTACHMENT. The title to money paid as a dividend by an insolvent corporation is valid as against the corporation and its assignee, and attachment can not issue upon a creditor's equitable claim to such dividend.

5. Jurisdiction: PERSONAL SERVICE: DECREE. In this case one of the prayers of the petition is for a personal judgment against the defendant stockholder and would require notice by summons to make it effective.

6. ——: PROCEEDING IN REM. In order that the court acquire jurisdiction of proceedings in rem there must be actual seizure and possession of the res by the officer of the court, or some acts of equivalent import, so as to bring the subject into the control of the court.

Beyer v. Trust Company.

7. ——: ——: PERSONAL SERVICE. A bill by a creditor of a corporation to charge certain dividends paid a stockholder as a lien upon his real estate within the territorial jurisdiction of the court, does not fall within any of the categories of section 2022, Revised Statutes, 1889; and in the absence of personal service the court's jurisdiction is incidental to its jurisdiction over the property by seizure or its equivalent.

8. ——: ——: ——: STATUTE. While section 2022, *supra*, authorizes the court on substituted service to afford relief in all actions at law and equity for the enforcement of rights against real or personal property within its jurisdiction, this authority is limited to those cases where it obtains jurisdiction over the *res* by seizure, or its equivalent, or those where some lien against the property is in existence when the action is commenced which may be enforced by its decree.

*Appeal from the Clay Circuit Court.*—HON. E. J. BROADDUS, Judge.

AFFIRMED.

*Cook & Gossett* for appellant.

(1) A dividend to a stockholder, as against a creditor, at the time of the payment of the dividend, where it is shown that the corporation was at that time insolvent, is merely a gift as against such creditor, and is in law fraudulent and void. *Williams v. Boice*, 38 N. J. Eq. 364; s. c., 6 Am. and Eng. Corp. Cases, 361; *Heman v. Brittain*, 88 Mo. 549. And see *Bartlett v. Drew*, 57 N. Y. 587; *Hastings v. Drew*, 76 N. Y. 9. (2) All persons receiving gifts from an insolvent corporation or otherwise are held to account to judgment creditors for such gifts, and the proper remedy is by an action in the nature of a creditor's bill by a judgment creditor. *Roan v. Winn*, 93 Mo. 503. (3) Attachments can only be issued in this state upon legal demands, and can not be had upon equitable claims. *Bachman v. Lewis*, 27 Mo. App. 81; *Lackland v. Garesche*, 56 Mo. 267; *Beach v. Baldwin*, 14 Mo. 597.

(4) Appellant could not have any other relief in this state, and it is one of the fundamental principles of English law that every sovereign state has the right, upon the application by suit of a creditor, legal or equitable, to apply the property of the debtor to the satisfaction of such demand. If the creditor's claim is a legal one, the proper remedy in this state is by attachment; if equitable, the proper remedy is by action in the nature of a creditor's bill. No state, in such case, would compel him to go into foreign jurisdiction to enforce his claim. *Wilson v. Railroad*, 108 Mo. 588, *loc. cit.* 597; also see *Arndt v. Griggs*, 134 U. S. 316; Cooley's Constitutional Limitations [5 Ed.], 500, and 501. Further, the statute in this state provides that plaintiff may file his petition and obtain service by publication. The demand of the appellant in this action comes within the clause, "in all actions at law or in equity, which have for their immediate object the enforcement or establishment of any lawful right, claim or demand to or against any real or personal property within the jurisdiction of the court." R. S. 1889, sec. 2022.

*Laughlin & Davis* for respondent.

(1) The lien of creditors of an insolvent corporation upon its assets in the hands of others (independently of rights given [by statute), is a purely equitable lien, and can only be enforced in an equitable proceeding. The cases of *Bartlett v. Drew*, 57 N. Y. 587; *Osgood v. Laytin*, 3 Keyes, 521, and *Van Cott v. Van Brunt*, 2 Abb. N. C. 283, cited by the appellant, were actions in equity. *Vose v. Grant*, 15 Mass. 505, and *Spear v. Grant*, 16 Mass. 9. See the opinion of REYNOLDS, C., in *Bartlett v. Drew, supra*, 590. (2) "The general and far-reaching rule is that "where a decree or

judgment creates a personal duty or obligation, or declares a personal charge, the proceedings are ineffective unless there is actual notice, that is, notice by summons or subpœna." Elliott's Gen. Prac., sec. 244. *Pennoyer v. Neff*, 95 U. S. 714, 727. (3) "Constructive or substituted service is the creation of statutes, which are in derogation of common law and which are to be construed and must be followed strictly." Alderson on Judicial Writs and Process, sec 142. *Quigley v. Bank*, 80 Mo. 289; *Charles v. Morrow*, 99 Mo. 638. (4) The only case we have been able to find in our state where, in an equitable action, a judgment *in personam* was prayed for and the defendant was constructively served by publication is *Fisher v. Evans*, 25 Mo. App. 582. This was an action to reopen a judgment on the ground of fraud or mistake and the court held that service by publication would not give the court jurisdiction of the person of the defendant.

SMITH, P. J.—This is an action somewhat in the nature of a creditor's bill. Briefly analyzed, the allegations of the petition are:

*First.* That the Continental Trust Company, a Missouri corporation, became insolvent on April 1, 1890, and thereafter remained so. *Second.* That at and since April 1, 1890, defendant L. V. Harkness owned $5,000 of its capital stock. *Third.* That since April 1, 1890, said Harkness has received $1,200 dividends on his capital stock. *Fourth.* That between March 25, 1890, and November 5, 1892, said corporation became indebted to the plaintiff in the sum of $2,118.51, which sum was due plaintiff on said last day. *Fifth.* That on November 5, 1892, said corporation made an assignment for the benefit of its creditors, and that plaintiff's demand has been presented to the

assignee and allowed, and a dividend of three per cent has been paid on it by the assignee, but that no more will be realized. *Sixth.* That defendant Harkness is a nonresident and can not be served with process in this state and that he owns certain real estate in this state (describing it). *Seventh.* That plaintiff can not, because of defendant's nonresidence and the nature of his demand, procure either a personal judgment against defendant, or a judgment by attachment process, or otherwise at law, and is without remedy at law. *Eighth.* Prays for judgment against defendant L. V. Harkness for $1,200, and that his said real estate be adjudged to be sold to satisfy the same.

On filing the petition an order was made, directed to the defendant Harkness, notifying him of the commencement of the suit, and stating the object and general nature of the petition to be to recover a judgment against him for $1,200, and to have said real estate charged with the payment thereof. Proof of the publication of the order was made, when defendant Harkness appeared specially in the cause and moved the court to quash the proceedings, on the ground that same were irregular, illegal, and void. The court sustained the motion, whereupon plaintiff has appealed to this court.

All the authorities are agreed that a dividend paid by an insolvent corporation to a stockholder, as against a creditor at that time, is merely a gift as against said creditor, and is, in law, fraudulent and void. *Herman v. Britton*, 88 Mo. 549; *Gill v. Bales*, 72 Mo. 424; *Williams v. Boice*, 38 N. J. Eq. 364; s. c., 6 Am. & Eng. Corp. Cases, 361; *Bartlett v. Drew*, 57 N. Y. 587; *Hastings v. Drew*, 76 N. Y. 9. And all persons receiving a gift from an insolvent corporation are held to account to judgment creditors for such gifts, and the

proper remedy is by an action in the nature of a creditor's bill by a judgment creditor. *Roan v. Winn*, 93 Mo. 503. And it has been several times ruled by the appellate courts of this state that an attachment can issue only on a legal demand and not on an equitable claim. *Bachman v. Lewis*, 27 Mo. App. 81; *Beach v. Baldwin*, 14 Mo. 597; *Lackland v. Garesche*, 56 Mo. 267.

The plaintiff contends that he has the right to reach the money in the hands of the defendant, as a part of the assets of the trust company applicable to the payment of its debts, and its creditors have a lien thereon and the right of priority of payment over its stockholders. But the lien of the creditors of an insolvent corporation upon its assets in the hands of others, is a purely equitable lien and can only be enforced in an equitable proceeding. *McLean v. Eastman*, 21 Hun, 312. It is conceded that upon such mere equitable claim no attachment can issue. And it is, in effect, conceded by the allegations in the petition that the defendant Harkness acquired a valid title to the money paid him as a dividend, by the trust company, as against it and its assignee. *Bartlett v. Drew*, 57 N. Y. 587; *Von v. Grant*, 16 Mass. 7.

Turning to the allegations of the petition, it is seen that no connection is there traced between dividends and the real estate. It is not alleged that the dividends were used by the defendant Harkness in the purchase of the real estate. But the plaintiff contends that the proceeding can be upheld under a provision of the statute, section 2022, Revised Statutes, which provides that, "in all actions at law, or in equity, which have for their immediate object the enforcement or establishment of any lawful right, claim, or demand to or against any real or personal property within the jurisdiction of the court," etc.

The prayer of the petition is for judgment against defendant for the amount of the dividends received by him of the trust company and for a decree that the defendant's lands be sold as upon execution and the proceeds thereof applied to the satisfaction of the judgment. The first part of the decree prayed for is no more than a judgment *in personam*, and could not be effective in the absence of actual notice—that is, notice by summons. The general rule is that where a decree or judgment creates a personal duty or obligation, or declares a personal charge, the proceedings are ineffective unless there be actual notice. *Pennoyer v. Neff*, 95 U. S. 714.

This brings us to the consideration of the decisive question in the case, which is that of jurisdiction of the *res*—the property. Jurisdiction of the *res* is said to be obtained by a seizure under process of the court, whereby it is held to abide such order as the court may make concerning it. So, while the general rule in regard to jurisdiction *in rem.* requires the actual seizure and possession of the *res* by the officer of the court, such jurisdiction may be acquired by acts which are of equivalent import and which stand for and represent the dominion of the court over the thing, and, in effect, subject it to the control of the court. Among this latter class is the levy of a writ of attachment, or seizure of real estate, which, being incapable of removal and lying within the territorial jurisdiction of the court, is, for all practical purposes, brought under the jurisdiction of the court, by the officer of the court levying the writ and return of that fact into court. So the writ of garnishment or attachment, or other form of service on a party holding a fund which becomes the subject of litigation, brings that fund into court, though the money remain in the actual custody of one not an officer of the court. An action commenced in

partition of real estate, foreclosure of a mortgage, or enforcement of a lien, and the like, so far as they affect the property in the state, are substantially proceedings *in rem*.

There are cases, not partaking of the nature of proceedings *in rem*, where the judgment is to have effect on personal rights, as in divorce suits, or in proceedings to compel conveyances, or other personal acts, in which the legislature has properly made the jurisdiction to depend on the publication of notice, or on the bringing the suit to the notice of the party in some other mode, when he is not in the territorial jurisdiction. *Cooper v. Reynolds*, 10 Wall. 308; *Boswell v. Otis*, 9 How. (U. S.) 336; *Pennoyer v. Neff*, *supra;* Hawes on Jurisdiction, sec. 233.

The case in hand does not fall within any of these categories. Substituted service by publication, or in any other authorized form, may be sufficient to inform nonresidents of the object of proceedings taken when property is once brought under the control of the court by seizure, or some equivalent act. The jurisdiction of a court to inquire into and determine their obligations at all, is only incidental to its jurisdiction over the property.

In this case there has neither been a seizure nor its equivalent. Nor is there any pretense of the existence of a lien of any kind which it is sought to enforce against the property. The court could acquire no jurisdiction over the property until it should, by its findings and decree, establish the plaintiff's claim and pronounce judgment thereon in his favor, for the amount thereof, and cause a seizure of the same under its decree. From the commencement of the suit until then, the court had not acquired jurisdiction over the property. The judgment being personal and on substituted service, would, of course, be void. *Wilson v.*

*Railroad*, 108. Mo. 588; *Smith v. McCutchem*, 38 Mo. 415; *Latimer v. Railroad*, 43 Mo. 105.

The proceeding up to the time of the seizure of the property, under the decree, would constitute no legal impediment to the sale of it by the defendant, because there had been no previous seizure, or other equivalent act, bringing it under the control of the court. It was until then as if no such suit had been commenced. If this be so, which can hardly be disputed, the validity of the judgment would depend upon whether the defendant had disposed of the property before the seizure of it under the decree. If he had, the decree would be ineffectual. This would introduce an element of uncertainty into judicial proceedings, which is not sanctioned by the law, for as said in *Pennoyer v. Neff*, *supra*, the validity of every judgment depends upon the jurisdiction of the court before it is rendered. And while the statute provides that on substituted notice, the court is authorized to afford relief in all actions at law, or in equity, which have for their object the enforcement or establishment of any right, claim, or demand against any real or personal property within its jurisdiction, this authority must be limited and confined to those cases where it obtains jurisdiction over the *res* by seizure, or its equivalent, or in those where there is some lien against the property in existence when the action is commenced, which may be enforced by its decree. The mere fact that the property is within the territorial jurisdiction of the court will not be sufficient, unless it has, in some way, acquired jurisdiction over it. It is immaterial whether the proceeding against the property be by an attachment, or bill in equity. It must be substantially a proceeding *in rem*.

This is the result of all the authorities at which we have looked, including *Wilson v. Railroad, supra;*

*Arndt v. Greggs*, 134 U. S. 316; Cooley, Const. Lim. 500, 501, cited by the plaintiff. If the state has the constitutional power to enact a statute authorizing a decree on substituted notice, in a case like this, we do not think it has yet done so. In our opinion, the ruling of the court below on the motion was not erroneous and therefore the judgment will be affirmed. All concur.