## GEIST v. CITY OF ST. LOUIS, Appellant.

### Division One, June 12, 1900.

1. **Equitable Garnishment.** In Missouri no statute has been enacted providing for a proceeding of equitable garnishment as distinguished from ordinary garnishment or trustee process.

2. **Municipal Corporations:** GARNISHMENT FOR OFFICER'S SALARY. Where a judgment has been obtained against a resident of this State who is employed in a municipal office, and execution issues and returned *nulla bona,* neither by a suit against said officer and the city, nor by statutory garnishment, can the city be compelled to pay the salary due such officer to such judgment creditor. (Distinguishing Pendleton v. Perkins, 49 Mo. 565).

Appeal from St. Louis City Circuit Court.—*Hon. Selden P. Spencer*, Judge.

REVERSED AND REMANDED (*with directions*).

*B. Schnurmacher* and *Chas. Claflin Allen* for appellant.

(1)    Moneys due and owing by municipal corporations can not be reached, either by garnishment or by equitable proceedings, in order to satisfy the claims of judgment creditors of the person to whom such moneys are owing. Addystone Pipe & Steel Co. v. City of Chicago, 170 Ill. 580; Morgan v. Rust, 100 Ga. 346; Roeller v. Ames, 33 Minn. 132; City of Memphis v. Laski, 9 Heiskell (Tenn.) 511; Burnham v. City of Fond du Lac, 15 Wis. 193; School District v. Gage, 39 Mich. 484; Switzer v. City of Wellington, 40 Kan. 250; People ex rel. v. Mayor of Omaha, 2 Neb. 166; McDougal v. Hennepin Co., 4 Minn. 184; Drake on Attachments (7 Ed.), sec. 516, p. 461; Mechem's Public Offices and Officers, sec. 875.    (2)    While a public officer may not assign or transfer his unearned salary, but may when earned, yet public policy will not permit the same, whether earned or unearned, to be reached by judicial proceedings, at the instance of his judgment creditors and appropriated towards the payment of his debts.    Hawthorn v. St. Louis, 11 Mo. 59; Fortune v. St. Louis, 21 Mo. 239; Sanger v. Waco, 15 Tex. Civ. App. 424; Lewis v. Denver, 9 Colo. App. 228; Baltimore v. Root, 8 Md. 95; McLellan v. Young, 54 Ga. 399; Hightower v. Slaton, 54 Ga. 108; Dillon's Mun. Corp., sec. 101.

*Kinealy & Kinealy* for respondent.

(1)    Moneys due and owing by a municipal corporation can be subjected to the satisfaction of the claims of judg-

ment creditors of the person to whom such moneys are owing. Johnson v. Geneva Pub. Co., 122 Mo. 102; St. Louis v. O'Neil Lumber Co., 114 Mo. 74; Lackland v. Garesche, 56 Mo. 267; St. Louis v. O'Neil Lumber Co., 42 Mo. App. 586; Furlong v. Thomssen, 19 Mo. App. 364; Beal v. McVickers, 8 Mo. App. 202; Luthey v. Woods, 1 Mo. App. 167. (2) Salary of an employee of a municipal corporation, after same has been earned and become due may be reached at the instance of judgment creditors and subjected to his debts. Adams v. Tyler, 121 Mass. 380; Wilson v. Lewis, 18 R. I. 285; Wheaton v. Drake, 5 N. H. 13; Mayor v. Horton, 38 N. J. Law, 88; Newark v. Funk, 15 O. St. 462; Wales v. Muscatine, 4 Ia. 302; Waterbury v. Com. of Deer Lodge Co., 10 Mont. 515; Laredo v. Nally, 65 Tex. 359; Seymour v. School Dist., 53 Conn. 502; Speed v. Brown, 10 B. Monroe, 108; Thompson v. Nixon, 3 Edw. Ch. 457; McCann v. Dorsheimer, Clarke's Cas. 144; 5 Ency. of Pl. & Pr., p. 447, note.

BRACE, P. J.—At the December term, 1896, of the circuit court of the city of St. Louis the respondent recovered judgment against D. P. O'Brien for the sum of $124.10, bearing eight per cent per annum interest, on which execution was issued returnable to the April term, 1897, of said court, which execution at said term was returned *nulla bona* and wholly unsatisfied.

Afterwards on the 30th of June, 1897, the respondent instituted this suit against the said O'Brien and the city of St. Louis, reciting these facts, and charging in his petition for his cause of action that "defendant O'Brien is, and has been for a long time in the employ of the defendant city of St. Louis, in the office of its recorder of deeds, at a monthly salary of $125, that said O'Brien has now earned, by reason of said employment, and there is still due him and unpaid the

sum of $125 for services performed as an employee of said city during the month of June, 1897; that said O'Brien is wholly insolvent, and has no property other than the amount of money due him from the city of St. Louis, as aforesaid, and the money which he may hereafter earn as such employee of said city, out of which plaintiff may make his judgment aforesaid, or upon which he can cause any process or execution to be levied, and plaintiff knows of no other person who is indebted to defendant, or whom he can cause to be summoned as garnishee of defendant," and praying that the city be required to pay the amount so due to said O'Brien to be applied on said judgment.

O'Brien made default, and the city demurred to the petition on the following grounds:

"First. The petition does not state facts sufficient to constitute a cause of action against this defendant.

"Second. There is no equity in the petition.

"Third. Public policy prohibits equitable garnishments against a municipal corporation, because the public interests would suffer by abstracting from their corporate duties the time and attention of the officers and occupying them in contests about which the corporation has no interest, and thereby there would be an interference with the city in the administration of its public governmental functions."

The demurrer was overruled, and the city standing on its demurrer, judgment was rendered against it for the said sum of $125, and the city appealed.

(1.) "In nearly all of the United States, statutes have been enacted, the usual purport of which is, that when an execution has been returned wholly or partly unsatisfied, the judgment creditor may maintain an action against the judgment debtor and any other person to compel the discovery of anything in action, or other property belonging to the judgment debtor, and of any money, thing in action, or

other property due to him, or held in trust for him, and to procure satisfaction of the judgment out of such property." 5 Encyl. of Plead. & Prac., p. 415. The proceeding under these statutes may be called equitable garnishment, for the sake of brevity, and in order to distinguish it from ordinary garnishment, or trustee process. In Missouri we have not, and never have had, a statute of similar purport, our kin-. dred statute being simply a bill of discovery against the debtor himself (R. S. 1889, sec. 4971, et seq.), leaving the judgment creditor to pursue his legal remedy against the property or thing in action disclosed. The legal remedy for such creditor when the property is a debt due from a third person to his debtor, is the statutory process of garnishment; from that process "municipal corporations" are by statute expressly exempted. [R. S. 1889, sec. 5220.]

This exemption was first incorporated in the statute in 1855. [R. S. 1855, p. 246, sec. 27.] Prior to that time, however, in Hawthorn v. St. Louis, 11 Mo. 59, decided in 1847, in which it was sought by an execution creditor to reach the salary of the recorder of the city, by garnishment, it was held that although private corporations may be proceeded against by garnishment, yet "the city of St. Louis is a public municipal corporation, created for the public benefit, and not subject to the same rules governing private corporations, such as banks, insurance companies and other similar corporations. It should not therefore be compelled to stand at the bar of all the courts in the State and participate in the judicial controversies carried on between debtors and creditors. While these contests would be going on, the public interests would suffer, by abstracting from their corporate duties the time and attention of the officers, and occupying them in contests about which the corporation had no interest. And however desirable it may be to creditors to enforce against the officers of the corporation their just de-

mands, by the means resorted to in this case, yet we think that public policy forbids the imposition of such a liability upon the corporation."

In Fortune v. St. Louis, 23 Mo. 239, decided in 1856, the principle laid down in the Hawthorn case was adhered to, and it was again ruled that the city was not subject to garnishment. Apart from express legislative declaration to that effect, the doctrine that municipal corporations, on ground of public policy—more fully set out in the cases cited in the brief of counsel for the appellant than in the Hawthorn case—are not subject to statutory garnishment, though sometimes denied, had then, and has now the support of the great weight of authority.

After the policy of this State on the subject had been thus announced by this court in these two cases, and expressly declared by the legislature in the Revision of 1855, in Pendleton v. Perkins, 49 Mo. 565, decided in 1872, in an able and learned opinion written by Bliss, J., it was held, in the language of the syllabus, that, "Where a debtor has absconded so that judgment can not be obtained against him, and has no property in the State subject to attachment, but has money in the city treasury belonging to him, it may be reached by bill in equity, in the first instance, without a previous judgment at law, and without showing fraud or any other recognized ground of equitable jurisdiction; and the fact that cities are not liable under the statutory garnishment will not protect them from such proceeding in equity." And it is upon this decision that counsel for respondent rely in support of the judgment of the circuit court.

The conclusion thus broadly stated, was reached by three questions, all of which were answered in the affirmative. They are as follows: "1. Will a creditor's bill lie to subject a fund or chose in action of the debtor, without showing fraud or some other recognized ground of equit-

able jurisdiction? 2. Will it lie in favor of the plaintiff in this case without having first obtained judgment and issued execution? 3. Will it lie aganist the city?"

Answering the first, after a review of the authorities, it was said: "The affirmation of the proposition that a judgment creditor, who has exhausted every ordinary means to satisfy his judgment, should have the aid of the court, in analogy to its ancient chancery jurisdiction, to reach his debtor's funds, whether fraudulently withdrawn or concealed or not, seems to be necessarily inferred from the main object of chancery jurisdiction—to furnish a remedy when the strict rules of legal practice fail." The proposition announced in this answer has been recognized and approved by the courts and the profession in this State as sound law, for more than a quarter of a century, and thus by judicial construction we have in this State a remedy that may well be denominated equitable garnishment, as comprehensive in scope and purpose as the remedy provided by the statutory enactments in other states to which we have alluded. The soundness of the doctrine upon which it rests is not questioned, and need not be inquired into in this case; and in this connection it is only necessary to say that this equitable remedy, as is obvious from the principle upon which it rests, exists for the purpose of furnishing relief, only in cases where the relief provided by common or positive law fails or is inadequate, but can not be used for the purpose of giving relief forbidden by positive law. [Hadden v. Spader, 20 Johnson, 553; Bigelow v. Cong. Society of Middletown, 11 Vermont 283; Venable v. Rickenberg, 152 Mass. 64; Addyston Pipe Co. v. Chicago, 170 Ill. 580; Ager v. Murray, 105 U. S. 126.]

As was said by Mr. Justice GRAY in Ager v. Murray, 105 U. S. loc. cit. 129: "It is within the general jurisdiction of a court of chancery to assist a judgment creditor to

reach and apply to the payment of his debt any property of the judgment debtor, which by reason of its nature only, and not by reason of any positive rule exempting it from liability for debt, can not be taken on execution at law."

By FIELD, J., in Venable v. Rickenberg, 152 Mass. loc. cit. 66-67: "Legal causes of action which can not be prosecuted by trustee process can not be prosecuted in equity to reach property in its nature attachable by trustee process, because trustee process will not lie. To hold otherwise would be to contravene the will of the legislature. For the same reason, if it be true that the Pub. Sts. C. 157, sec. 83, do not leave plaintiffs in this case any adequate remedy at law, equity can not supply the deficiency. Schlesinger v. Sherman, 127 Mass. 206; Emery v. Bidwell, 140 Mass. 271; Wilson v. Martin Wilson Automatic Fire Alarm Co., 149 Mass. 24."

By CRAIG, J., in Addyston Pipe Co. v. Chicago, 170 Ill. loc. cit. 584: "If, as we have held, a municipal corporation is not liable to the process of garnishment, upon what ground can a creditor's bill be maintained against a municipal corporation? If it is contrary to public policy to permit the one, upon the same ground and for like reasons must not the other be denied? The process of garnishment and a creditor's bill are, in effect, instituted for the same purpose. They are, as a general rule, instituted to reach money in the hands of a third party due and owing from a judgment debtor to a judgment creditor. A reference to the statute under which the two proceedings are instituted will show their similarity."

The necessity of this limitation was recognized in Pendleton v. Perkins, *supra*, as we shall see further on.

With the answer to the second question in that case we have nothing to do.

In answering the third the learned judge said:

"Our garnishment act (sec. 3) exempts municipal corporations from its operation, and it is claimed that, upon the principle that equity follows the law, they should also be exempt from creditor's bills or garnishments in equity. Municipal corporations, in this regard, are classed with sheriffs, tax collectors, administrators, etc., who hold as trustees, and would be exempt without the statute. So it had been held, before this enactment, that towns and cities would not be garnished for a sum due an officer as part of his salary. [Fortune v. St. Louis, 23 Mo. 239; Howthorn v. St. Louis, 11 Mo. 59.] Public policy forbids creditors from thus stepping in between the city and its public servants; and the statute, in seeking to prevent any future attempt in that direction, went much further, and included all kinds of liabilities, so that a debtor's funds, if in the hands of a municipal corporation, are placed beyond the reach of his creditors by statutory garnishment. There is no reason why a city, for an ordinary liability unconnected with its present public service, or the prosecution of its public works, should not, like private corporations, be held to answer a garnishment process. But the prohibition is general, and creditors like the present plaintiff are deprived of the usual remedy against their absconding debtors, if the latter have been sharp enough to place their funds in the city treasury. Upon what principle should this fact also deprive them of the equitable remedy they would possess if the garnishment process were unknown to the law? So far from that, it is the foundation of their right to relief. The maxim that equity follows the law has no such application; otherwise in most cases where legal remedies fail, equitable relief would be cut off. The court, in analogy to the former relief in chancery, would disregard the letter of the statute forbidding garnishment, but would conform to its spirit and re-

fuse to interfere when the reason for the prohibition existed. Perhaps the object of the prohibition was to leave the matter to another forum—to one whose remedies are more flexible than ordinary judgments—so that, whatever the relief, it may be consistent with public policy, and may be given in view of the debtor's relation to the city.

"To deny the relief sought would permit the debtor to withdraw property from the State which equitably belongs to his creditors. It is the policy of all States to protect home creditors, and in pursuance of this policy, and in absence of any other remedy, I think this proceeding should be sustained."

This is the whole of the *dicta* on that subject, from a careful reading of which but one conclusion can be drawn as to the holding of the court. Not that the principle of the statute did not apply to equitable garnishment, but that the case then in hand, although within the letter was not within the spirit of the statute, and such being the case, the former ought to give way to the latter. In other words, "The public policy which forbids creditors from thus stepping in between the city and its servants," which in the opinion is postulated as the reason of the statute, it was held, does not include the case of a judgment debtor who is not a servant of the city, but who has absconded and has in the city treasury a fund "unconnected with its present public service, or the prosecution of its public works," although such fund comes within the exemption of the letter of the statute. The ruling in that case on this branch of it, "hath this extent; no more." It does not extend to the case now in hand, in which the fund sought to be reached is the salary of a servant of the city, who has not absconded, but who is in its "present public service" with which that salary is connected. Hence the contention of respondent's counsel is not supported by that case. Nor does it receive any support

from the rulings in the subsequent cases cited in their brief, from the appellate courts of this State, in which Pendleton v. Perkins is cited with approval; for in none of these cases was the question now in hand either raised or passed upon; as is well shown in the brief of the counsel for appellant, who further strenuously contends that the ruling in that case on this branch of it, even to the extent that it goes, ought to be no longer maintained. But as anything that might be said on this contention might be regarded as *obiter*, from which we are already so much afflicted, we refrain from entering upon that contention. That stream will be crossed when we come to it. The judgment of the circuit court is reversed, and the cause remanded with directions to that court to sustain the demurrer.

All concur, except *Marshall, J.*, not sitting.