**MAYNE et al. v. ST. LOUIS UNION TRUST CO. et al.**

**No. 9634.**

Circuit Court of Appeals, Eighth Circuit.

April 24, 1933.

R. E. La Driere, of St. Louis, Mo. (Samuel W. Fordyce and Thomas W. White, both of St. Louis, Mo., Peter, Lee, Tabb, Krieger & Heyburn and Furlong & Woodbury, all of Louisville, Ky., and Fordyce, White, Mayne & Williams, of St. Louis, Mo., on the brief), for appellants.

Harold R. Small, of St. Louis, Mo. (Boyle & Priest, G. T. Priest, R. E. Moloney, Carter, Jones & Turney, Edward H. Miller, S. L. Swarts, Thomas Reyburn, Louis Kawin, Rhodes E. Cave, Robert N. Hawes, and Bryan, Williams, Cave & McPheeters, all of St. Louis, Mo., on the brief), for appellees.

Before STONE, GARDNER, and SANBORN, Circuit Judges.

GARDNER, Circuit Judge.

Katie L. Van Cleave, a resident of St. Louis, Mo., died about June 1, 1928, leaving a will, by the provisions of which her son, Giles V. Van Cleave, was named as a residuary legatee to the extent of one-third of the residuary estate. The distributive portion of the estate to which Giles B. Van Cleave became entitled is valued at about $20,000, and is still held undistributed in the hands of the executors of the estate of Katie L. Van Cleave.

Giles B. Van Cleave resided in Louisville, Ky., where he departed this life on July 28, 1929. On or about December 10, 1927, Robert W. Bingham recovered a judgment against him in the state of Kentucky for $8,333.34, and on or about November 5, 1927, the First National Bank of Louisville recovered a judgment against him in Kentucky, for $12,000. The Bingham judgment was on July 9, 1928, assigned to appellant Walter R. Mayne, and on July 20, 1928, the judgment of the First National Bank of Louisville was assigned to the appellant Frank E. Williams. These assignments were made to appellants on the agreement that the assignees would pay to the assignors all sums of money collected by the assignees on account of said judgments in excess of a certain percentage of the amount due on said judgments. The appellants were, and now are, attorneys at law, duly licensed to practice in the courts of record of the state of Missouri.

On July 30, 1928, Giles B. Van Cleave, for a valuable consideration, executed a written assignment of his share of the residuary estate of his mother to the extent of $2,500, to the appellee Lincoln Bank & Trust Company; a copy of this assignment being received by the executors on July 31, 1928. On July 31, 1928, Giles B. Van Cleave executed a written assignment of his share of his mother's estate, to the extent of $1,252.85, to the appellee James W. Kirwan; a copy of this assignment being furnished to the executors on August 1, 1928. On August 1, 1928, Giles B. Van Cleave executed a written assignment of his share of his mother's estate, to the extent of $5,000, to the appellee Arthur E. Hopkins; a copy of this assignment being furnished to the executors on August 4, 1928. On November 8, 1928, Giles B. Van Cleave executed a written assignment of his share of his mother's estate, to the extent of $8,000, to the appellee National Bank of Kentucky; a copy of this assignment being furnished to the executors on November 30, 1928. Each of these assignments purported to give and grant to the assignee therein named a first lien on the distributive share of said Giles B. Van Cleave in the estate of Katie L. Van Cleave, and each assignment directed the executors to pay over, transfer, convey, and distribute to the assignee therein named, "the first money or other property distributable to Giles B. Van Cleave out of the estate of Katie L. Van Cleave."

On March 28, 1928, the Commissioner of Internal Revenue assessed federal income taxes for the year 1924 against Giles B. Van Cleave, in the sum of $3,311.84, and on May 4, 1928, he caused to be filed, pursuant to the statutory provision, a notice of tax lien in the county court of Jefferson county, Ky., the residence of Giles B. Van Cleave. On May 4, 1928, the Commissioner caused to be filed a similar notice in the United States District Court at Louisville, Ky. On October 25, 1928, a similar notice was filed in the United States District Court at St. Louis, Mo., and on the same date a similar notice was filed in the office of the recorder of deeds for the city of St. Louis, Mo. On October 30, 1928, a similar notice was filed in the office of the recorder of deeds of the county of St. Louis, Mo., and on or about February 21, 1929, the collector of internal revenue at St. Louis notified the executors that he had filed such notice of tax lien for $4,000 in the United States District Court at St. Louis, and in the office of the recorder of deeds of the city of St. Louis on the dates above mentioned.

By the decree entered in the lower court, the validity of all these claims was determined and their priorities fixed in the following order: (1) The claim of the Lincoln Bank & Trust Company; (2) the claim of James W. Kirwan; (3) the claim of Arthur E. Hopkins; (4) the tax claim of the United States; (5) the claim of the receiver of the National Bank of Kentucky; and (6) the

claim of Walter R. Mayne and Frank E. Williams, the appellants herein. The decree provides that the distributive share of Giles B. Van Cleave should be distributed pursuant to orders of the probate court of the city of St. Louis, made in conformity with the lower court's decree.

There are not, as will be observed, sufficient funds in the distributive share of Giles B. Van Cleave to pay all of these claims in full, and hence the matter of priority of right is of controlling importance.

In July, 1928, and prior to the dates on which either of the appellees acquired his claim against the distributive share of Giles B. Van Cleave, each of the appellants instituted a suit in equity in the circuit court of the city of St. Louis, Mo., against the executors under the will of Katie L. Van Cleave and Giles B. Van Cleave, in which suits they sought to establish an equitable lien or garnishment to the amount of their judgments against the distributive share of Giles B. Van Cleave. These suits have not been tried, but are still pending. In the suit brought by Walter R. Mayne service was had on the executors on the 25th and 26th of July, 1928, and in the suit brought by Frank E. Williams service was had on these executors on July 27th and 30th; but in neither of these suits was service secured upon Giles B. Van Cleave, and he had no knowledge of the pendency of them when he executed the assignments to the various appellees herein, nor has he made any appearance in either of said suits. It is the contention of the appellants that the filing of these suits and the service of process upon the executors was in the nature of an equitable garnishment which created a lien on the funds in the hands of the executors, and hence they were entitled to priorities over the other claimants.

Section 1398 of the Revised Statutes of Missouri 1929 (Mo. St. Ann. § 1398), provides in part as follows: "No sheriff, constable or other officer charged with the collection of money shall, prior to the return day of an execution or other process upon which the same may be made, be liable to be summoned as garnishee; nor shall * * * any administrator or executor of an estate, prior to an order of distribution, or for payment of legacies, or the allowance of a demand found to be due by his estate, be liable to be summoned as garnishee," etc.

At the time appellants filed their suits no order of distribution had been entered. There was no process of any kind served upon the executors, except the summons. They were not enjoined from making payment, and, until an order of distribution had been entered, the distributive share of the estate was not presently due. Appellants contend that the filing of these suits created a lis pendens, and that, as the appellees acquired their rights subsequent to such date, they were subject to the asserted rights of the appellants. By these suits personal judgments were sought against Giles B. Van Cleave and his equitable estate was sought to be reached. The executors held the legal title. Giles B. Van Cleave was joined as a party defendant, but he was not served, either personally or by publication, and of course was not enjoined from making disposition of his distributive share in his mother's estate. As the owners of foreign judgments, appellants had no lien upon this interest of Van Cleave in his mother's estate, but the very object of the suits was not the enforcement of a lien already secured, but the establishment of a lien upon personal property. In such a proceeding the court must have jurisdiction both of the person and the subject-matter before a lis pendens or an equitable garnishment could result. Lackland v. Smith, 5 Mo. App. 153; Troll v. St. Louis, 257 Mo. 626, 168 S. W. 167, 177; Pierce v. Stinde, 11 Mo. App. 364; Tufts v. Volkening, 122 Mo. 631, 27 S. W. 522, 523; Beyer v. Trust Co., 63 Mo. App. 521; Hirshiser v. Tinsley, 9 Mo. App. 339; City of St. Louis v. O'Neil Lumber Co., 114 Mo. 74, 21 S. W. 484; Rieper v. Rieper, 79 Mo. 352; Burnham Munger & Co. v. Smith, 82 Mo. App. 35; Swan Land & Cattle Co. v. Frank, 148 U. S. 603, 13 S. Ct. 691, 37 L. Ed. 577; Clinton Mining & Mineral Co. v. Cochran, (C. C. A. 3) 247 F. 449; Ozan Lumber Co. v. Davis Sewing Machine Co. (D. C.) 283 F. 436.

In Troll v. City of St. Louis, supra, the court said: "'Lis pendens' means a suit, a controversy in court. It involves the essential and primary concept of jurisdiction of the subject-matter of the litigation and of the parties. * * * 'In order that an action may be lis pendens, the court must have jurisdiction of the subject-matter as well as of the person of the defendant.' 25 Cyc. 1461."

In Tufts v. Volkening, supra, the court said inter alia: "But though the writ be issued, and the summons or order of publication, yet, if either the notification be not served or the writ of attachment be not levied, in either event, the jurisdiction is not complete, and consequently any adjudication on the given subject-matter,—any final deter-

mination of the rights of the unnotified defendant,—would be necessarily void."

In Beyer v. Trust Company, supra, the Missouri Appeals Court considered the rights of a general creditor to establish a lien against the estates of a debtor. In the course of the opinion in that case it is said:

"In this case there has neither been a seizure nor its equivalent. Nor is there any pretense of the existence of a lien of any kind which it is sought to enforce against the property. The court could acquire no jurisdiction over the property until it should, by its findings and decree, establish the plaintiff's claim and pronounce judgment thereon in his favor, for the amount thereof, and cause a seizure of the same under its decree. From the commencement of the suit until then, the court had not acquired jurisdiction over the property. The judgment being personal and on substituted service, would, of course, be void. Wilson v. Railroad, 108 Mo. 588 [18 S. W. 286, 32 Am. St. Rep. 624]; Smith v. McCutchen, 38 Mo. 415; Latimer v. Railroad, 43 Mo. 105 [97 Am. Dec. 378].

"The proceeding up to the time of the seizure of the property, under the decree, would constitute no legal impediment to the sale of it by the defendant, because there had been no previous seizure, or other equivalent act, bringing it under the control of the court. It was until then as if no such suit had been commenced."

Under the above-cited statute, as construed by the Supreme Court of Missouri, it seems clear that funds in the hands of an executor are not, prior to an order of distribution, subject to garnishment, statutory or equitable. Geist v. City of St. Louis, 156 Mo. 643, 57 S. W. 766, 768, 79 Am. St. Rep. 545; State ex rel. v. Trimble, 320 Mo. 1113, 9 S.W. (2d) 624, 625; Curling & Robertson v. Hyde, 10 Mo. 374; Richards v. Griggs, 16 Mo. 416, 57 Am. Dec. 240; Kiernan v. Robertson, 116 Mo. App. 56, 92 S. W. 138.

In Geist v. City of St. Louis, supra, the wages of an employee of the city of St. Louis were sought to be reached by equitable garnishment. In reviewing Pendleton v. Perkins, 49 Mo. 565, relied upon by appellants in the instant case, which held that certain funds due an employee might be reached by garnishment, the court, after quoting therefrom, said:

"This is the whole of the dicta on that subject, from a careful reading of which but one conclusion can be drawn as to the holding of the court,—not that the principle of the statute did not apply to equitable garnishment, but that the case then in hand, although within the letter, was not within the spirit, of the statute, and, such being the case, the former ought to give way to the latter. In other words, 'the public policy which forbids creditors from thus stepping in between the city and its servants,' which, in the opinion, is postulated as the reason of the statute, it was held does not include the case of a judgment debtor who is not a servant of the city, but who has absconded, and has in the city treasury a fund 'unconnected with its present public service, or the prosecution of its public works,' although such fund comes within the exemption of the letter of the statute. The ruling in that case, on this branch of it, 'hath this extent; no more.' It does not extend to the case now in hand, in which the fund sought to be reached is the salary of a servant of the city who has not absconded, but who is in its 'present public service' with which that salary is connected. Hence, the contention of respondent's counsel is not supported by that case. Nor does it receive any support from the rulings in the subsequent cases cited in their brief, from the appellate courts of this state, in which Pendleton v. Perkins is cited with approval; for in none of these cases was the question now in hand either raised or passed upon, as is well shown in the brief of the counsel for appellant, who further strenuously contends that the ruling in that case, on this branch of it, even to the extent that it goes, ought to be no longer maintained."

In State ex rel. v. Trimble, supra, the court again approved the doctrine of Geist v. City of St. Louis, and, in the course of the opinion which reversed the judgment of the lower court, it is said:

"Relators' chief contention is that the decision of respondents, in affirming the judgment rendered below, contravenes controlling decisions of this court (Geist v. St. Louis, 156 Mo. 643, 57 S. W. 766, 79 Am. St. Rep. 545; Fortune v. St. Louis, 23 Mo. 239; Hawthorn v. St. Louis, 11 Mo. 59, 47 Am. Dec. 141), which announce the doctrine that a municipal corporation is not subject to garnishment process, either equitable or statutory, while the moneys or funds sought to be impounded are in the treasury of such corporation and applicable to the prosecution of its public works, or while the primary debtor is presently employed by the municipal corporation and engaged in the public service."

There are some decisions by the Missouri courts sustaining the right to maintain an

equitable garnishment proceeding as against a municipality or an executor, but it will be found that in those cases the employee whose funds were sought to be reached was no longer in the employ of the city, and that the estate funds sought to be reached had, by order of distribution, been ordered paid to the defendant in the equitable garnishment suit, or that at least the defendant was served with process and was, pending the suit, enjoined from collecting, and the administrator likewise enjoined from paying, the distributive share.

In Bush v. Arnold, 50 Mo. App. 8, which is strongly urged as an authority in favor of appellants' position, it was alleged that the defendant Arnold would make away with the property to defeat his creditors. In the opinion in that case no reference whatever is made to the opinions of the Supreme Court in Curling & Robertson v. Hyde, and Richards v. Griggs, supra, holding that there could be no garnishment before the probate order of distribution.

In the instant case, the appellants asked for a judgment and for an attachment to satisfy the judgment to the extent the res permitted, but they obtained no judgment until the decision of the lower court in this case, and hence, they were in no position, even if their judgment in the instant case was a valid one (a subject on which we express no opinion), in the absence of service upon Giles B. Van Cleave, to ask for an attachment of the res.

We conclude that the mere filing of appellants' bills did not effect a lis pendens as against the appellees; and we are further of the view that under these circumstances there could be no garnishment of the executors, either statutory or equitable.

The judgment appealed from is therefore affirmed.