THE STATE EX REL. H. W. ENGLISH and BEE BRANCH DRAINAGE DISTRICT v. FRANCIS H. TRIMBLE ET AL., Judges of Kansas City Court of Appeals.—9 S. W. (2d) 624.

Court en Banc, October 2, 1928.

*Lamb & Lamb* for relators.

*Hulen & Walden* and *Roy McKittrick* for respondents.

ATWOOD, J.—Return having been made to our writ of certiorari directed to the Kansas City Court of Appeals in the case of Jesse Frazier v. Lloyd Radford, J. W. Radford and H. W. English, composing the firm of Central Construction Company, and Bee Branch

Drainage District, relators seek to quash respondents' opinion and judgment therein, on the ground of alleged conflict with certain controlling decisions of this court.

From respondents' opinion filed in the above cause we gather that this is a suit in equity whereby plaintiff, suing in his own behalf and as the assignee of eight claims against defendants, sought recovery for labor done and material furnished in the fulfillment of a certain contract; that defendant Bee Branch Drainage District is a drainage district incorporated under the laws of the State of Missouri; that on August 5, 1922, said district entered into a contract with the Central Construction Company, a partnership composed of the individual defendants above mentioned, by which said construction company agreed to do the work necessary to carry out a plan of reclamation which had been adopted by the district; that prior to the commencement of the work, said construction company, with the written consent of the district, assigned its contract to R. W. Cropper Engineering Company; that said engineering company in December, 1922, began the work of reclamation under the assigned contract and continued until June, 1923, when the work was abandoned by the engineering company, but was completed in November, 1923, by the construction company; that while the engineering company was engaged in the performance of the contract it employed plaintiff and his assignors to perform certain work and furnish certain materials, for which they were unable to obtain payment either from the engineering company or the other defendants; that this suit was instituted in nine counts, each of which covers a claim of an individual who did certain work and furnished materials as set forth therein; that plaintiff seeks to hold the individual defendants liable for the demands sued upon and to have judgment against them satisfied out of certain money alleged to be in the hands of the district and due said defendants on account of the work, and asks that the drainage district be restrained from paying out any money in its hands to said defendants, and that it be ordered to pay plaintiff out of said money belonging to said defendants the sums sued for, with interest, and costs; that the trial court rendered a decree against the individual defendants on each of the nine counts, adjudging that plaintiff recover from them out of the funds in the hands of the drainage district, ordering the amount paid to plaintiff within thirty days, and restraining said defendants from collecting from the district and the district from paying them the amount found to be due plaintiff; that personal service was had upon defendant English, and plaintiff sought to get service by publication on the other individual defendants; that the affidavit upon which the order of publication was based was attacked by defendants Lloyd Radford and J. W. Radford in the trial court by filing a plea to the jurisdiction and a

motion to quash service on them, on the ground that the affidavit on which the order of publication was based did not give the court jurisdiction of these defendants. Respondents sustained the plea and motion of defendants Lloyd and J. W. Radford, but held that plaintiff was entitled to pursue his remedy against the other partner, English, upon whom personal service was had, and it further ap-. pearing that both this partner and the partnership were insolvent and the partnership dissolved and no other partnership property was located within the State, it was held that plaintiff in this proceeding was subrogated to the rights of defendant English, whose liability for partnership debts was both joint and several, and plaintiff could by equitable garnishment reach the partnership property within the jurisdiction of the court. The judgment of the trial court was affirmed on all counts except one, in which it was held that the labor and material furnished did not come within the purview of the contract.

Relators' chief, contention is that the decision of respondents, in. affirming the judgment rendered below, contravenes controlling decisions of this court (Geist v. St. Louis, 156 Mo. 643; Fortune v. St. Louis, 23 Mo. 239; Hawthorn v. St. Louis, 11 Mo. 59), which announce the doctrine that a municipal corporation is not subject to garnishment process, either equitable or statutory, while the moneys or funds sought to be impounded are in the treasury of such corporation and applicable to the prosecution of its public works, or while the primary debtor is presently employed by the municipal corporation and engaged in the public service. As already stated, the opinion discloses that the trial court rendered judgment in favor of plaintiff and against the individual defendants adjudging that plaintiff could recover from them "out of the funds in the hands of the drainage district." However, there is nothing in respondents' opinion indicating that at any stage of plaintiff's proceeding were the moneys or funds sought to be impounded applicable to the prosecution of the public work of relator drainage district, or that the individual defendants were in its employ and engaged in the public service, nor does the opinion disclose that any such issue was ever raised or ruled in the case. But, relators say, respondents must be held to have considered and ruled such question or issue, whether they discussed the same in their opinion or not, because it was necessarily and unavoidably involved in the decision reached, citing State ex rel. Boeving v. Cox, 310 Mo. 367, wherein Division Two of this court ruled that the Springfield Court of Appeals must be held to have considered a question that was necessarily and unavoidably involved in the decision reached, whether it discussed such question or not.

The question not discussed, but held to have been considered in the decision reached in the Boeving case, supra, was the question of the proximate cause of the injury. However, the opinion in that case disclosed that the action was one for damages for personal injuries to plaintiff because of the alleged negligence of another, and that a judgment for plaintiff was affirmed on appeal. The opinion, therefore, on its face disclosed that the question of proximate cause was necessarily considered by the court of appeals, whether discussed or not in the opinion, because one cannot recover damages for personal injuries because of the negligence of another unless such negligence was the proximate cause of his injury. In the instant case, however, while respondents' opinion discloses that relator drainage district is a public corporation and therefore within the category of municipal corporations (State ex rel. v. Drainage District, 291 Mo. 72), it does not necessarily follow that funds held by such a corporation cannot be reached by equitable garnishment. [Pendleton v. Perkins, 49 Mo. 565; DeField v. Dredge Co., 180 Mo. App. 563; Hilton v. Construction Co., 202 Mo. App. 672.] The three decisions above mentioned which relators say are contravened by this decision merely hold that, existing certain facts and circumstances, funds in the treasury of a municipal corporation cannot be reached by equitable garnishment. Respondents' opinion does not disclose that any such facts or circumstances existed in this case, and in this respect it is clearly distinguishable from our opinion and ruling in the Boeving case. In other words, we cannot say from a reading of the opinion now before us that the question relied upon as ruled in the Geist, Fortune and Hawthorn cases, supra, was necessarily and unavoidably involved or considered in the decision reached, and therefore our ruling in the Boeving opinion does not control this case.

Relators are thus brought face to face with the necessity of going outside the opinion to establish facts and circumstances which they say show a conflict between the decision reached and our decisions in the cases cited. Apparently conceding that the pleadings below are not "incorporated by reference" in the opinion, they insist that we should search the record proper and certain parts of the abstract of the record filed with respondents. The majority opinions of this court, where this question has been considered, have uniformly and repeatedly held that "for the facts of the case we should go to the opinion" of the court of appeals. [State ex rel. National Newspapers' Assn. v. Ellison, 176 S. W. 11, l. c. 12; State ex rel. United Rys. Co. v. Reynolds, 257 Mo. 19, l. c. 36; State ex rel. Jones v. Robertson, 262 Mo. 535, l. c. 541; State ex rel. Tiffany v. Ellison, 266 Mo. 604, l. c. 610; State ex rel. Dunham v. Ellison, 278 Mo. 649,

l. c. 654; State ex rel. Commonwealth Trust Co. v. Reynolds, 278 Mo. 695, l. c. 702; State ex rel. City of Webster Groves v. Reynolds, 223 S. W. 412, l. c. 413; State ex rel. Iron Mt. & So. Ry. Co. v. Reynolds, 286 Mo. 204, l. c. 216; Ex parte Dick Bros. Brewery Co. v. Ellison, 287 Mo. 139, l. c. 149; State ex rel. Am. Central Ins. Co. v. Reynolds, 289 Mo. 382; State ex rel. Presnell v. Cox, 250 S. W. 374, l. c. 376; State ex rel. Shaw Transfer Co. v. Trimble, 250 S. W. 384, l. c. 387; State ex rel. Koenen v. Daues, 288 S. W. 14, l. c. 16; State ex rel. Union Biscuit Co. v. Becker, 293 S. W. 783.] The only enlargement, if such it be, of our source of information above noted as to the facts in the case that has been recognized by a controlling opinion of this court is our ruling that recourse be had to any pleading, instruction or other written document referred to in the opinion and made the subject-matter of a ruling therein, and this on the theory that such reference makes the written document just as much a part of the opinion as if fully set forth therein. [State ex rel. Union Biscuit Co. v. Becker, 293 S. W. 783, l. c. 786; State ex rel. John Hancock Mut. Life Ins. Co. v. Allen, 282 S. W. 46, l. c. 48; State ex rel. Seibel v. Trimble, 299 Mo. 164, l. c. 174; State ex rel. Western Auto Ins. Co. v. Trimble, 297 Mo. 659, l. c. 665; State ex rel. Studebaker Corp. v. Trimble, 295 Mo. l. c. 677; State ex rel. Raleigh Investment Co. v. Allen, 294 Mo. 214, l. c. 220; State ex rel. v. Trimble, 292 Mo. 371, l. c. 377; State ex rel. Continental Ins. Co. v. Reynolds, 235 S. W. 88, l. c. 91; State ex rel. Wahl v. Reynolds, 272 Mo. 588, l. c. 596; State ex rel. Hayes v. Ellison. 191 S. W. 49, l. c. 53; State ex rel. National Newspapers' Assn. v. Ellison, 176 S. W. 11, l. c. 12.]

It is true that Judge GRAVES who wrote the majority opinion in the case last above cited said in the opinion that the petition "being just as much a part of the record as is the opinion of the court, must speak for itself," but it further appears that the opinion of the court of appeals not only referred to the petition but set it out in substance, so that under our rule of incorporation by reference it was proper for us to examine the petition. Subsequently, in the majority opinion of the Court en Banc rendered in State ex rel. Wahl v. Reynolds, 272 Mo. 588, l. c. 596, it was said that the scope of our review in certiorari does not "embrace any consideration of the record of the case in the Court of Appeals further than the same is set forth in the opinion under review." This ruling was later approved in State ex rel. St. Regis Realty & Investment Co. v. Reynolds, 200 S. W. 1039, and in a separate concurring opinion, l. c. 1041, GRAVES, C. J., thus construed the words "set forth" as used in the Wahl opinion:

" 'Set forth' might be 'given a very restricted meaning, and I think our Brother BOND in formulating the rule in the Wahl case had in view a restricted meaning. An instruction might be referred to and made the subject of a ruling of the Court of Appeals without being 'set forth' in the opinion in the ordinary sense of the term 'set forth.' So too as to a pleading or judgment *nisi.* In my judgment when the opinion of the Court of Appeals refers to a pleading, an instruction, or any other written document, and makes such written document the subject-matter of a ruling, then such pleading, instruction, or other written document is by such reference just as much a part of the opinion as if fully 'set forth' therein. [State ex rel. v. Ellison, 191 S. W. 1. c. 53; State ex rel. v. Ellison, 176 S. W. 1. c. 12.] I fear the concisely, but pointedly, worded rule of our Brother BOND has mischief in it. If it can be construed to meet these views of mine, well and good, but, if not, my ideas find expression here."

The above expression of the learned Chief Justice, whom death has so recently called from a service distinguished by his great ability and devotion, clearly indicates the limit beyond which a majority of the court was not willing to go in considering the record. In a separately numbered paragraph in the same separate concurring opinion the writer, with characteristic candor and perspicacity, gave this further expression of his personal view:

"I go further. The pleadings, judgment *nisi,* and judgment and opinion of the Court of Appeals constitute the record proper in such a case, and is the record to be quashed or sustained. As to the pleadings and judgment *nisi.* no reference in the opinion is necessary for our consideration of them upon certiorari."

The writer fully recognized the scope of our review which had been previously defined by a majority of the court and intended this latter expression only as an indication of his individual view, which he well knew and frankly said was not in accord with the majority view above indicated in the Wahl case. This separate concurring opinion was not concurred in by any other member of the court. thus indicating the unwillingness at that time of other members to extend the scope of our review in certiorari. Nor do we now believe that, in the discharge of our constitutional obligation to preserve uniformity in the general law by certiorari to the courts of appeals, it is either necessary or advisable to extend the scope of our review beyond the limits already defined. Relators' contention that respondents' decision is in conflict with controlling decisions of this court in the respect above mentioned is overruled.

Relators also say that "under the opinion and record properly receivable in this action the Court of Appeals conflicted with the last

controlling decision of this court in holding that the partnership composing the Central Construction Company was dissolved and the court was called on to liquidate its affairs and in holding that the case before it was one to marshal assets.'' Wade v. National Bank of Commerce, 221 S. W. 364; Goddard-Peck Grocery Co. v. McCune, 122 Mo. l. c. 433; and Hundley v. Farris, 103 Mo. 87, are cited as thus contravened by respondents' decision. Relators do not call our attention to any part of the record, other than respondents' opinion, which we may examine under our rules hereinabove discussed. The above three cases are not cited, but the first one is analyzed and extensively quoted in the opinion. In the light of the facts to be gathered from the opinion and from the contract, if that be considered as incorporated by reference in the opinion, there is no conflict between these decisions and the decision reached by respondents.

It is also said that respondents' opinion conflicts with our decision in Hill v. Bell, 111 Mo. l. c. 44, ''in holding that the funds due a partnership may be held in an action against one partner.'' The cases are readily distinguishable. The case cited was a statutory attachment, and the opinion held that where the attachment was sustained as to only one of several partners sued, only the share of the partner in the partnership property against whom the attachment was sustained could be held under the writ, the reason being, as stated in the opinion, that ''the underlying principle of the attachment act is, that an attachment can issue only against such defendants as have been guilty of some one or more of the matters therein specified as a ground of attachment; and the attachment when issued binds and holds only the property of the defendant against whom it is issued.'' No such legal technicalities and requirements surround the remedy of equitable garnishment by which the funds in the instant case were sought to be reached, and respondents' decision presents no conflict with our decision in the case cited.

It is finally urged by relators that respondents decided the case upon a theory different from the theory upon which the suit was brought and tried below, and for that reason the opinion conflicts with our decision in Dougherty v. Gangloff, 239 Mo. l. c. 660. If there was any such departure it is not apparent within the scope of our review, and this alleged conflict is also ruled against relators.

Respondents' opinion does not appear to be in conflict with any controlling decision of this court, and our writ of certiorari heretofore issued is quashed. *White, C. J.,* and *Walker* and *Gentry, JJ.,* concur; *Blair* and *Gantt, JJ.,* concur in the result; *Ragland, J.,* dissents.