STATE OF MISSOURI at the Relation of STANLEY L. TALBOTT, JOSEPH L. TALBOTT, ADRIA JUNE BARTRAM and JEWELL RUTH TALBOTT, Minors, by their Next Friend, OLA TALBOTT, Relators, v. HOPKINS B. SHAIN, FRANCIS H. TRIMBLE and EWING C. BLAND, Judges of the Kansas City Court of Appeals.—66 S. W. (2d) 826.

Division One, December 22, 1933.

*Walter E. Walsh* and *Hume & Raymond* for relators.

*Hubert Fuller, John E. Powell, Rex H. Moore* and *Platt Hubbell* for respondents.

ATWOOD, J.—Relators were plaintiffs in a suit in the circuit court against Mercer County, Missouri; Claude Stanley, Virgie Boxley and Marie Ogle, as executors of Joseph W. Stanley, deceased; Charles Brummett, Jesse T. Butcher and W. B. Hoover, as individuals; and Charles Brummett, Lew W. Taff and W. B. Hoover, as judges of the County Court of Mercer County. Plaintiffs prayed that an instrument of writing signed by Joseph W. Stanley be decreed as creating a valid, voluntary, executed, irrevocable trust; that the trust be impressed upon funds alleged to have come into the hands of said executors; that a trustee be appointed; that an accounting be had for alleged trust funds at the hands of all parties defendant; and

that said parties turn over all of the said funds in their hands to the trustee.

The trial court decreed a trust as prayed, ordered that certain property and amounts be delivered and paid over to the circuit clerk of said county; appointed Ola Talbott trustee of said trust estate to administer the same, and ordered said circuit clerk to deliver said property to said trustee upon the filing by her of bond in a specified amount approved by the court. Defendants Claude Stanley, Virgie Boxley and Marie Ogle, executors aforesaid, appealed from this judgment to the Kansas City Court of Appeals where the judgment was reversed and the cause remanded. [Talbott v. Stanley et al., 59 S. W. (2d) 70.] Relators thereupon sought and obtained our writ of certiorari and now seek to quash the record of respondents on the ground that their decision is in conflict with certain previous controlling decisions of the Supreme Court.

The above facts appear from respondents' written opinion handed down in said cause. It further appears from the opinion that the instrument of writing in question was entitled ''Deed to Trustee'' and purported to transfer from Joseph W. Stanley, as party of the first part, to Mercer County, Missouri, as party of the second part, for the use and benefit of first party's grandnephews and grandnieces, Stanley W. Talbott, Joseph Lynial Talbott, Adria June Talbott and Jewell Ruth Talbott, as parties of the third part, certain personal property amounting to the sum of $1,600, and consisting of a $1,000 share of certain stock (worth about $600), a balance due of $500 on a certain promissory note, and $500 in cash; that said instrument found lodgment with either the treasurer or county clerk of said county; that the county judges of said county received the property described in said instrument and administered the same under the provisions thereof for more than three years; that thereafter said judges returned all of said property, together with its income, to the said Joseph W. Stanley on his demand therefor, in connection with which demand he stated that he had revoked the trust; and that no funds of the estate were at the time of the trial lodged in the hands of said county officials:

Counsel for relators contend that, respondents having ruled that the property in question was trust property, and having found that the members of the county court returned it all to Joseph W. Stanley together with all of its income, their refusal to indulge the presumption that such property retained its trust character in his hands until his death and swelled the estate passing to his legal representative by that amount engendered conflict with our decision in Orr et al. v. St. Louis Union Trust Co. et al., 291 Mo. 383, 405, 236 S. W. 642, wherein we said: ''In the absence of some showing, the presumption will be indulged that those funds retained their trust character in testator's hands and remained in his hands until his death and that his trustee received his estate swelled by the amount of such

trust funds. The trust company, as testator's trustee, is therefore chargeable with accountability for such trust fund and the earnings therefrom, to be satisfied out of the estate in its hands.''

The reason assigned by respondents in their opinion for such refusal is that there was no evidence or admission, unless such ''can be concluded from the first paragraph of appellants' answer,'' that appellants were designated as the executors of Joseph W. Stanley, deceased, or that they have accepted any such appointment, and that, ''to reach the conclusions reached by the trial court, this court would have to violate the rule that presumptions must not be based upon presumption.'' Nevertheless, respondents also say in their opinion: ''From the pleadings, the remarks of counsel and from the findings of fact by the court, as set out in the record, this court is left to presume that Joseph W. Stanley died testate in May, 1931, and that the appellants herein are the fully designated, qualified and acting executors.''

Since respondents have thus referred to the answer of executor defendants in their opinion and made it in part the basis of a ruling we may consider the answer as if fully set forth in the opinion. Such has been the majority view of the Supreme Court in banc ever since its decision in State ex rel. Kansas City v. Ellison et al., 281 Mo. 667, 677, 220 S. W. 498. [See, State ex rel. Continental Ins. Co. v. Reynolds et al., 290 Mo. 362, 235 S. W. 88; State ex rel. Natl. Council of Knights and Ladies of Security v. Trimble et al., 292 Mo. 371, 239 S. W. 467; State ex rel. Raleigh Inv. Co. v. Allen et al., 294 Mo. 214, 242 S. W. 77; State ex rel. Vogt v. Reynolds et al., 295 Mo. 375, 244 S. W. 929; State ex rel. Studebaker Corporation v. Trimble et al., 295 Mo. 667, 247 S. W. 119; State ex rel. Western Auto Ins. Co. v. Trimble et al., 297 Mo. 659, 249 S. W. 902; State ex rel. Seibel v. Trimble et al., 299 Mo. 164, 253 S. W. 215; State ex rel. Vulgamott v. Trimble et al., 300 Mo. 92, 253 S. W. 1014; and State ex rel. John Hancock Ins. Co. v. Allen et al., 306 Mo. 197, 267 S. W. 832; State ex rel. Union Biscuit Co. v. Becker et al., 316 Mo. 865, 293 S. W. 783; and State ex rel. English v. Trimble et al., 320 Mo. 1113, 1120, 9 S. W. (2d) 624.] The minority view was ably presented in the dissenting opinion written by Judge WHITE in the Union Biscuit Company case, supra, and this view was approvingly discussed by him in the subsequent divisional opinion in State ex rel. Horspool v. Haid et al., 328 Mo. 327, 40 S. W. (2d) 611. Such approval in the Horspool case, however, must be deemed *obiter* because the opinion discloses that it was not necessary to the determination of any point ruled in the case nor was such approval made the basis of any ruling in the case. Certainly the judges composing the division from which the opinion was promulgated did not deem it in conflict with the previously expressed majority view of the court in banc because they did not transfer the case to the court in banc, which alone has the power to speak authoritatively concerning the

scope and effect of its own decisions. [Lohman v. Kansas City Southern Ry. Co., 326 Mo. 819, 33 S. W. (2d) 112, 116.]

We look then to the answer and find it entitled: "Separate Answer of Claude Stanley, Virgie Boxley and Marie Ogle, Executors of the Estate of Joseph W. Stanley, deceased." It is signed by the same parties in the same capacity, and the first paragraph reads thus: "Come now the defendants, Claude Stanley, Virgie Boxley and Marie Ogle, Executors of the Estate of Joseph W. Stanley, deceased, by their attorneys and for Answer to the plaintiffs' Petition herein deny each and every allegation therein contained." This general denial is followed by specific denials and allegations by way of defense, but nowhere in the answer is the representative capacity in which the defendants, sued as executors, specifically challenged or denied. Not only are appellants bound by their appearance and representations as to their capacity in this answer, State ex rel. Boatmen's Bank v. Webster Groves Sewer Dist., 327 Mo. 594, 37 S. W. (2d) 905, 908, but we have time and again held that any defect in the representative capacity of parties must be raised by answer specifically directing attention thereto, that a general denial will not serve this purpose, and that unless thus specifically put in issue the character of the party will be taken to be admitted as alleged in the petition. [Hallen v. Smith, 305 Mo. 157, 168, 264 S. W. 665; Ashton v. Penfield, 233 Mo. 391, 418, 135 S. W. 938; McKee v. Downing, 224 Mo. 115, 129, 124 S. W. 7; Berry v. Railroad, 214 Mo. 593, 599, 114 S. W. 27; Gross v. Watts, 206 Mo. 373, 392, 104 S. W. 30; Baxter v. St. Louis Transit Co., 198 Mo. 1, 14, 95 S. W. 856.] In this case respondents state in their opinion that appellants "are alleged to be the executors of the estate of Joseph W. Stanley."

So it appears from respondents' opinion that under the pleadings in the case it must be taken as conceded that appellants were the executors of Joseph W. Stanley, deceased. In holding otherwise respondents have brought their decision in conflict with the decisions last above cited. It follows that respondents' decision is also in conflict, as alleged, with our decisions in the Orr case and others to like effect.

Other alleged conflicts are urged in behalf of relators but counsel for respondents insist that the parts of the opinion so challenged are *obiter dicta*, and in effect say that they were not intended as controlling announcements of rules of law or equity or as binding upon the circuit court in a retrial of the cause. Introductory to these criticized parts the opinion reads: "Reverting again to the declaration that this court is unable, from the record, to determine the rights of the parties to the suit, the court feels justified in further presentation of matters that present themselves to the mind of the court. As to these matters, there are no objections and exceptions shown in the record, and therefore the court does not comment on such as constituting reversible error." At the close the following appears: "All parties

622

to this action seem to have proceeded in the trial below upon the theory that all the equities between the parties could be determined in this action. No objections or exceptions have been made concerning many matters discussed by this court. These matters are not presented as being determined by this court, but are presented to the end that in such future prosecution of the issues herein these matters may receive consideration.''

After a careful study of the whole opinion we accept the above expressed view of counsel for respondents. If upon further consideration respondents decide to remand the cause with rulings which are to be taken as the law of the case on a retrial such intention will doubtless be clearly expressed and the rulings so announced not in conflict with controlling decisions of this court. Hence, we reserve judgment on other alleged conflicts.

Because of the conflicts above noted respondents' opinion and record pursuant thereto are quashed. All concur.